J-S58043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY ELDON MILES, SR. | : | |
| | : | |
| Appellant | : | No. 558 MDA 2017 |

Appeal from the PCRA Order March 13, 2017
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0001892-2012

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED NOVEMBER 14, 2017**

Appellant, Jeffrey Eldon Miles, Sr., appeals from the order entered in the Franklin County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We reverse and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On November 20, 2014, a jury convicted Appellant of first-degree murder in connection with the 1995 death of Victim.  The court sentenced Appellant that day to life imprisonment.  Following sentencing, the court explained Appellant's post-sentence/appellate rights and informed Appellant that trial counsel would continue to provide legal representation if Appellant wanted to

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

file post-sentence motions or a direct appeal. Trial counsel did not file post-sentence motions or a direct appeal on Appellant's behalf.

Within the 30-day appeal period, on December 9, 2014, Appellant filed a *pro se* document titled "Direct Appeal for Denial of Mistrial." In this filing, Appellant alleged that two days prior to the conclusion of trial, two jurors had observed Appellant handcuffed in the court elevator. Appellant claimed the jurors' observation of Appellant in handcuffs undermined his presumption of innocence and warranted a new trial. After confirming with court deputies that a juror had seen Appellant in handcuffs,[2] trial counsel made an oral motion for a mistrial on the last day of trial, which the court denied. Appellant sought to appeal the court's ruling.

On December 18, 2014, the court entered an order explaining it would take no further action on Appellant's *pro se* filing based on the rule against hybrid representation, because Appellant was still represented by counsel of record. Instead, the court directed the clerk of courts to forward Appellant's *pro se* filing to defense counsel and counsel for the Commonwealth pursuant to Pa.R.Crim.P. 576(A)(4) (stating in any case in which defendant is represented by attorney, if defendant submits written motion, notice or document that has not been signed by defendant's attorney, clerk of courts shall accept it for filing and forward copy of time-stamped document to

---

[2] Trial counsel discovered one juror and one tipstaff had seen Appellant in handcuffs.

defendant's attorney and attorney for Commonwealth within 10 days of receipt). Additionally, the court's order provided: "**THE DEFENDANT IS FURTHER DIRECTED** to file a request to waive the right to counsel and proceed *pro se* should he wish to represent himself on direct appeal or to discuss the filing of his Direct Appeal for Denial of Mistrial with his counsel." (Order, filed 12/18/14, at 1) (emphasis in original). Nothing else took place regarding Appellant's direct appeal.

Appellant timely filed a *pro se* PCRA petition on November 19, 2015, alleging, *inter alia*, trial counsel was ineffective for failing to file a direct appeal on Appellant's behalf. The court appointed PCRA counsel the next day. After several extensions of time, Appellant filed a counseled amended PCRA petition on June 10, 2016. In his amended petition, Appellant claimed trial counsel was ineffective for: (1) failing to file a direct appeal on Appellant's behalf, where counsel was on notice by way of Appellant's December 9, 2014 *pro se* filing that he wanted to appeal; and (2) failing to file a motion to suppress Appellant's incriminating statements to police.

The court held a PCRA hearing on August 4, 2016. Trial counsel testified at the PCRA hearing, *inter alia*: (1) aside from reviewing the docket entries in this case, counsel had no independent recollection of receiving Appellant's *pro se* motion to file an appeal; (2) nevertheless, counsel's invoice for Appellant's representation confirmed counsel had reviewed the *pro se* filing; (3) trial counsel probably did not reach out to Appellant

following receipt of the *pro se* filing because the court's December 18, 2014 order placed the onus on Appellant to contact counsel if Appellant wanted to pursue the appeal; (4) counsel did not believe Appellant's challenge to the court's denial of his motion for a mistrial would succeed on appeal; and (5) counsel did not file a suppression motion because counsel had unsuccessfully litigated a suppression motion in another case involving Appellant; Appellant made the statements at issue in this case at the same time he made incriminating statements in the other case, so the basis for filing a suppression motion would have been the same and likely yielded another unsuccessful result.

Appellant testified at the PCRA hearing, *inter alia*: (1) trial counsel failed to file a suppression motion on Appellant's behalf because counsel said he was a "trial lawyer" and not a "motion-filing attorney"; (2) after the court read Appellant's post-sentence/appellate rights, Appellant told counsel he wanted to appeal; (3) trial counsel said he would visit Appellant in two to four days to discuss filing an appeal; (4) trial counsel did not visit Appellant as promised; and (5) Appellant wanted to challenge the court's denial of his motion for a mistrial on direct appeal. The court deferred ruling on the PCRA petition pending submission of post-hearing briefs.

Appellant filed a post-hearing brief on October 13, 2016. The Commonwealth submitted its brief on October 28, 2016. On March 13, 2017, the court denied PCRA relief. Appellant timely filed a notice of appeal

on March 28, 2017. On March 31, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on April 18, 2017.

Appellant raises the following issues for our review:

> DID THE [PCRA] COURT ERR BY DENYING APPELLANT'S AMENDED PCRA PETITION WHEN THE [PCRA] COURT CONCLUDED THAT [APPELLANT] NEVER CONTACTED TRIAL COUNSEL REGARDING [APPELLANT'S] DESIRE TO FILE AN APPEAL WHEN TRIAL COUNSEL ADMITTED TO RECEIVING AND REVIEWING [APPELLANT'S] *PRO SE* DIRECT APPEAL FOR DENIAL OF MISTRIAL?
>
> DID THE [PCRA] COURT ERR BY DENYING APPELLANT'S AMENDED PCRA PETITION WHEN THE [PCRA] COURT CONCLUDED THAT TRIAL COUNSEL HAD A REASONABLE BASIS FOR NOT FILING A MOTION TO SUPPRESS INCRIMINATING STATEMENTS MADE BY [APPELLANT]?

(Appellant's Brief at 4).[3]

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001). If the record supports a post-conviction court's credibility determination, it is binding on

---

[3] For purposes of disposition, we have re-ordered Appellant's issues.

the appellate court. **Commonwealth v. Dennis**, 609 Pa. 442, 17 A.3d 297 (2011). "A PCRA court's legal conclusions, however, are reviewed *de novo*." **Commonwealth v. Green**, ___ A.3d ___, 2017 PA Super 243 (filed July 24, 2017).

In his first issue, Appellant argues he took adequate steps to protect his appellate rights by filing a "Direct Appeal for Denial of Mistrial," within the 30-day appeal period. Appellant asserts that trial counsel's billing statement introduced as an exhibit at the PCRA hearing proves counsel reviewed Appellant's *pro se* filing. Appellant claims the docket entries also confirm the clerk of courts forwarded Appellant's *pro se* filing to trial counsel's courthouse mailbox, where trial counsel admitted he receives mail. Appellant insists trial counsel was ineffective for failing to file an appeal on Appellant's behalf and/or failing to consult with Appellant about whether to pursue an appeal, in light of Appellant's *pro se* filing. If his direct appeal rights are reinstated *nunc pro tunc*, Appellant contends he will challenge the sufficiency of the evidence, the weight of the evidence, and the denial of his motion for a mistrial. Appellant concludes trial counsel was ineffective, and this Court must reverse and remand for reinstatement of his direct appeal rights *nunc pro tunc*. We agree relief is due.

The law presumes counsel has rendered effective assistance. **Commonwealth v. Gonzalez**, 858 A.2d 1219, 1222 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). Generally, when

asserting a claim of ineffective assistance of counsel, the petitioner is required to plead and prove: (1) the underlying claim has arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability the outcome of the proceedings would have been different. *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007).

"Actual or constructive denial of the assistance of counsel, however, falls within a narrow category of circumstances in which prejudice is legally presumed." *Commonwealth v. Lane*, 81 A.3d 974, 978 (Pa.Super. 2013), *appeal denied*, 625 Pa. 658, 92 A.3d 811 (2014). Our Supreme Court has held:

> [W]here there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

*Commonwealth v. Lantzy*, 558 Pa. 214, 226-27, 736 A.2d 564, 572 (1999) (internal footnote omitted). In other words, where counsel neglects to file a requested direct appeal, "counsel is *per se* ineffective as the

defendant was left with the functional equivalent of no counsel." *Commonwealth v. Markowitz*, 32 A.3d 706, 715 (Pa.Super. 2011), *appeal denied*, 615 Pa. 764, 40 A.3d 1235 (2012).

Even where a defendant does not expressly ask counsel to file a direct appeal, counsel still has a duty "to adequately consult with the defendant as to the advantages and disadvantages of an appeal **where there is reason to think that a defendant would want to appeal.**" *Commonwealth v. Bath*, 907 A.2d 619, 623 (Pa.Super. 2006) (emphasis added). In this situation, where the defendant did not request counsel to file a direct appeal but counsel failed to consult with the defendant, counsel is not *per se* ineffective and the traditional three-prong test "is necessary to decide whether counsel rendered constitutionally ineffective assistance by failing to advise his client about his appellate rights." *Markowitz, supra* at 716.

> Pursuant to [*Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) and its Pennsylvania expression, *Commonwealth v. Touw*, 781 A.2d 1250 (Pa.Super. 2001)], counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either "(1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), **or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.**" [*Id.*] at 1254 (quoting *Roe*[*, supra*] at 480, 120 S.Ct. [at 1036]).

*Bath, supra* at 623 (emphasis added). "Where a petitioner can prove either factor, he establishes that his claim has arguable merit." *Markowitz, supra* at 716.

Additionally, the defendant is not required to show he had meritorious issues for appeal to establish counsel was ineffective for failing to consult with the defendant regarding an appeal. *Commonwealth v. Donaghy*, 33 A.3d 12 (Pa.Super. 2011), *appeal denied*, 615 Pa. 753, 40 A.3d 120 (2012). *See also Green, supra* at *4 n.5 (stating: "[A] claim that lacks merit is not necessarily wholly frivolous. The duty to consult arises if there is a non-frivolous issue to raise, not an ultimately meritorious issue"). Further, prejudice in this context means a defendant must show a reasonable probability that, but for counsel's failure to consult, the defendant would have sought additional review. *Touw, supra* at 1254. *See also Donaghy, supra* (reversing order denying PCRA relief and remanding for reinstatement of appellant's direct appeal rights *nunc pro tunc*, where trial counsel failed to consult with appellant about whether he wanted to file direct appeal; appellant sent trial counsel letter during 30-day appeal period asking how long appellant had to file appeal and what types of issues appellant could raise on appeal; appellant's letter sufficiently demonstrated desire to appeal such that counsel should have made reasonable effort to discover appellant's wishes; counsel's testimony at PCRA hearing that counsel believed appellant had no viable reasons for appeal does not absolve counsel of his duty to ascertain appellant's wishes; counsel's failure to consult with appellant about filing direct appeal deprived appellant of his constitutional right to effective assistance of counsel).

Instantly, the PCRA court denied relief, concluding: "To prevail in the instant case, [Appellant] must show that he either requested [trial counsel] file a direct appeal or that issues of merit made it incumbent upon [trial counsel] to file a direct appeal. [Appellant] has failed to demonstrate either circumstance." (**See** Opinion in Support of Order, filed March 13, 2017, at 21) (internal citation omitted). Initially, the PCRA court rejected Appellant's testimony that he asked counsel to file a direct appeal immediately after sentencing. (**See id.** at 17). We are bound by the PCRA court's credibility determination in this regard. **See Dennis, supra**. Therefore, we agree with the PCRA court that trial counsel was not *per se* ineffective. **See Lantzy, supra**; **Markowitz, supra**.

We disagree, however, with the PCRA court's legal conclusion that trial counsel had no duty to consult with Appellant about whether he wanted to appeal based on counsel's unilateral belief that Appellant had no meritorious issues to appeal. **See Green, supra**; **Ford, supra**. The record makes clear Appellant filed a *pro se* document on December 9, 2014, detailing his intent to appeal and the issue he wished to pursue on appeal, within the 30-day appeal period. The clerk of courts forwarded this document to trial counsel, and counsel conceded at the PCRA hearing that he reviewed it. Appellant reasonably demonstrated his intent to appeal, and trial counsel had clear notice Appellant wanted to file an appeal. Thus, Appellant's claim that counsel was ineffective for failing to consult with him about an appeal has

arguable merit. *See Roe, supra*; *Markowitz, supra*; *Bath, supra*; *Touw, supra*.

Trial counsel testified he did not file an appeal on Appellant's behalf because (1) counsel thought Appellant's challenge to the court's denial of his motion for a mistrial would not succeed on appeal; and (2) the court's December 18, 2014 order directed Appellant to contact counsel if Appellant wanted to appeal. Nevertheless, counsel's belief that Appellant had no meritorious issues for appeal did not absolve counsel of his duty to consult with Appellant about filing an appeal. *See Donaghy, supra*. Additionally, counsel's failure to contact Appellant in the face of his clear intent to appeal was not "reasonable" under these circumstances, despite the trial court's misdirective.[4] *See id.*; *Turetsky, supra*.

Further, the record demonstrates Appellant wanted to file a direct appeal. But for counsel's deficient failure to consult with Appellant, he would have filed an appeal, which satisfies the prejudice prong of the ineffectiveness test. *See Touw, supra*. Therefore, trial counsel was ineffective for failing to consult with Appellant about filing a direct appeal; and Appellant is entitled to reinstatement of his direct appeal rights *nunc pro*

---

[4] By directing Appellant to contact trial counsel if he wished to appeal, the PCRA court essentially gave trial counsel an excuse to do nothing despite his duty to consult with Appellant and improperly placed the onus on Appellant to secure the effective assistance of counsel.

*tunc*.[5]  Accordingly, we reverse and remand for further proceedings.[6]

Order reversed; case remanded for further proceedings.  Jurisdiction is relinquished.

_____

[5] We decline to reinstate Appellant's right to file post-sentence motions *nunc pro tunc* as Appellant has not requested that relief on appeal or at any time before the PCRA court.  **See Commonwealth v. Liston**, 602 Pa. 10, 977 A.2d 1089 (2009) (explaining where court reinstates direct appeal rights *nunc pro tunc*, appellant is not automatically entitled to reinstatement of his post-sentence rights *nunc pro tunc* as well; reinstatement of post-sentence rights *nunc pro tunc* is proper only where defendant successfully pleads and proves he was deprived of right to file and litigate post-sentence motions as result of ineffective assistance of counsel).  For the first time in his post-hearing brief, and now on appeal, Appellant claimed he wanted to attack the weight of the evidence in a direct appeal *nunc pro tunc*.  Appellant's oblique reference to a weight-of-the-evidence challenge, which requires the filing of post-sentence motions for issue preservation purposes, does not satisfy Appellant's obligation to plead and prove trial counsel was ineffective for failing to file and litigate post-sentence motions.  **See id.**

[6] Due to our disposition, we decline to address separately Appellant's second issue on appeal.  We repeat, however, that to establish counsel's ineffectiveness for failure to consult with Appellant, he did not have to demonstrate meritorious issues for an appeal.  So counsel's unilateral evaluation of Appellant's proposed issues would not qualify as a rational basis for counsel's failure to consult with Appellant about filing an appeal.  **See Donaghy, supra**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/14/2017</u>