J-S24045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONEZ S. WEAVER, | : | |
| | : | |
| Appellant | : | No. 11 MDA 2018 |

Appeal from the PCRA Order December 18, 2017
in the Court of Common Pleas of Berks County,
Criminal Division at No(s):  CP-06-CR-0001794-2013

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED JUNE 15, 2018**

Donez S. Weaver ("Weaver") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In August 2015, a jury convicted Weaver of two counts each of possession with intent to deliver a controlled substance and possession of a controlled substance.[1]  The matter proceeded to a sentencing hearing on September 17, 2015, wherein Weaver was represented by retained counsel, Elizabeth Ebner, Esquire (hereinafter "trial counsel").  The trial court imposed an aggregate term of 63 to 126 months in prison.  Trial counsel then stated to the trial court that she had advised Weaver of his post-sentence and appeal

_____

[1] **See** 35 P.S. § 780-113(a)(30), (16).

rights, and that Weaver had signed a written Notice detailing said rights. Notably to the instant appeal, trial counsel did not file a direct appeal.

On March 4, 2016, Weaver, *pro se*, filed a timely PCRA Petition, in response to which the PCRA court appointed him PCRA counsel. PCRA counsel thereafter filed an Amended PCRA Petition, asserting that trial counsel was ineffective for failing to file a requested direct appeal. The Commonwealth filed an Answer to the Amended Petition, after which the PCRA court scheduled an evidentiary hearing.

At the August 8, 2017 evidentiary hearing (hereinafter "the PCRA hearing"), Weaver testified that he had instructed trial counsel that he wanted to file a direct appeal immediately after the jury rendered its verdict. In contrast, trial counsel testified that Weaver never instructed her to file an appeal. The PCRA court summarized the relevant testimony at the PCRA hearing as follows:

> According to [Weaver's] testimony at the … PCRA hearing, he did not have any discussions about an appeal with [trial counsel] before, during, or after the sentencing hearing. [Trial counsel] testified that she had an appeal discussion with [Weaver] at the sentencing hearing. [Trial counsel] reviewed the written [N]otice of post-sentence rights with [Weaver], which included information regarding the time limits for filing post-sentence motions and an appeal. [Weaver] and [trial] counsel both signed this written [N]otice. Upon conclusion of the sentencing hearing, [trial counsel asserted, Weaver] asked [trial] counsel what she thought about an appeal. [Trial c]ounsel shared her opinion that she did not think an appeal would be successful. [Weaver] told [trial] counsel that he would let her know if he wanted to appeal. Had [Weaver] informed [trial] counsel that he wanted to appeal, [trial counsel maintained, she] would have filed the appeal to preserve his rights despite being owed counsel fees. [Trial c]ounsel heard nothing

from [Weaver], and her file[] contains no notes, correspondence, or other indication that [Weaver] wanted to appeal.

PCRA Court Memorandum and Order, 12/18/17, at 1-2.

On December 18, 2017, the PCRA court denied Weaver's PCRA Petition. Weaver then filed a timely Notice of Appeal.

Weaver now presents the following question for our review:

> Whether the PCRA court erred in dismissing the Amended PCRA Petition when there was an unjustified failure by trial counsel to properly consult with [Weaver] about whether to file a direct appeal and, thereafter[,] failing to file the appeal, which denied [Weaver] the effective assistance of counsel guaranteed by the Sixth Amendment to the U.S. Constitution and Article I, Section 9 of the Pennsylvania Constitution[,] as well as the right to direct appeal under Article V, Section 9[,] and constituted prejudice for the purposes of 42 Pa.C.S.A. § 9543(a)(2)(ii)?

Brief for Appellant at 2 (capitalization omitted).

When reviewing an order denying a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). Moreover, it is well established that a "PCRA court's credibility determinations, when supported by the record, are binding on this Court[.]" **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

To be entitled to relief for ineffective assistance of counsel, a PCRA petitioner must establish that: (1) the underlying claim is of arguable merit; (2) there was no reasonable basis for counsel's action or failure to act; and (3) but for counsel's error, there is a "reasonable probability the result of the proceeding would have been different." **Commonwealth v. Treiber**, 121

A.3d 435, 444 (Pa. 2015). Failure to satisfy any of the three prongs is fatal to a claim of ineffective assistance of counsel. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). Counsel is presumed to be effective, and it is solely the petitioner's burden to prove ineffectiveness. *See id.*

Regarding an ineffectiveness claim based on counsel's failure to file a direct appeal, we observe that "Article V, Section 9 of the Pennsylvania Constitution guarantees a direct appeal as of right." *Commonwealth v. Lantzy*, 736 A.2d 564, 571 (Pa. 1999). "[W]hen a lawyer fails to file a direct appeal requested by the defendant, the defendant is automatically entitled to reinstatement of his direct appeal rights." *Commonwealth v. Markowitz*, 32 A.3d 706, 714 (Pa. Super. 2011). A PCRA petitioner "has the burden of proving that he requested a direct appeal and that his counsel heard but ignored or rejected the request." *Commonwealth v. Maynard*, 900 A.2d 395, 398 (Pa. Super. 2006); *see also Commonwealth v. Harmon*, 738 A.2d 1023, 1024 (Pa. Super. 1999) (stating that "[m]ere allegations will not suffice.").

However, even where a defendant does not ask his or her attorney to file a direct appeal, counsel may still be ineffective if counsel does not consult with the client about his or her appellate rights. *Markowitz*, 32 A.3d at 714 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)); *see also Commonwealth v. Green*, 168 A.3d 173, 177 (Pa. Super. 2017) (stating that "the question is not simply whether consultation occurred, it is whether that consultation was adequate within the meaning of that term as expressed

in **Flores-Ortega**[,]" which "makes plain that the consultation must, at minimum, encompass advice regarding an actual appeal, not simply how to preserve issues for a theoretical appeal.").

Here, Weaver argues that trial counsel was ineffective for failing to (1) file an appeal in response to Weaver's request; and (2) adequately consult with Weaver concerning an appeal, in accordance with **Flores-Ortega** and its progeny. **See** Brief for Appellant at 5-14. Weaver contends that pursuant to case law, there is an "onus [placed] on [criminal] defense counsel to do more than have a perfunctory discussion with a defendant about his appeal rights[,]" and PCRA relief will be granted "when counsel fell short of an adequate … consultation with a defendant about whether he wants to file an appeal." **Id.** at 9-10 (citing, *inter alia*, **Flores-Ortega**). In arguing that trial counsel's consultation was insufficient, Weaver contends that trial counsel's "brief discussion with [Weaver] about whether to file an appeal took place in the holding area of the courtroom after sentencing, but she never discussed the advantages or disadvantages of filing an appeal with [Weaver]." **Id.** at 12. Additionally, Weaver complains that trial counsel

> certainly knew that [Weaver's] appeal rights would expire if no action was taken, yet she tried to lay the responsibility on [Weaver] by saying that she told him she would wait to hear from him[, *i.e.*, regarding whether he wanted to file an appeal,] rather than making an affirmative effort to consult with him about filing an appeal. [Trial counsel] did not even contact [Weaver] after trial or sentencing.

**Id.**

In rejecting Weaver's claim of trial counsel's ineffectiveness, the PCRA court reasoned as follows:

> [Weaver] inconsistently testified that he told [trial] counsel[,] after the guilty verdict[,] that he wanted to appeal and also, incredibly, that he did not have any appeal-related discussions with [trial] counsel before, during, or after the sentencing hearing. [Trial c]ounsel credibly testified that she discussed the merits of an appeal with [Weaver] after he was sentenced. [Trial c]ounsel's testimony is supported by the record[] containing a written [N]otice to [Weaver] that set forth his right to appeal, which [N]otice bears his signature, and which [N]otice he acknowledged receiving on the record in open court.
>
> Having consulted with [Weaver] about the merits of an appeal[,] and having left that consultation with [Weaver's] comment that he would contact [trial counsel] about an appeal if he wanted one, [trial] counsel met her duty as an advocate and was justified in waiting for express direction from [Weaver] if he wished to appeal. [Weaver] did not meet his burden of proving that he gave [trial counsel] an express direction to file an appeal after their September 17, 2015 (day of sentencing) discussion.

PCRA Court Memorandum and Order, 12/18/17, at 3.

The PCRA court chose to find credible the testimony presented by trial counsel, and, since the certified record supports the PCRA court's findings, we are bound by its credibility determinations. **See Mitchell**, **supra**; **see also Green**, 168 A.3d at 177 (stating that "we are bound by the credibility determination [of the PCRA court] that a conversation between [defense] counsel and [a]ppellant regarding appellate rights occurred.").

Moreover, contrary to Weaver's claim, the record reveals that trial counsel sufficiently consulted with Weaver concerning an appeal, unlike the facts in the cases upon which Weaver relies. **Cf. Green**, 168 A.3d at 177 (holding that defense counsel was ineffective where his consultation with

defendant regarding his appeal rights and issue preservation was inadequate); ***Commonwealth v. Rivera***, 154 A.3d 370, 378 (Pa. Super. 2017) (*en banc*) (stating that "plea counsel was ineffective for failing to consult with Rivera regarding whether he wished to appeal the non-frivolous issue concerning the legality of his negotiated sentence"); ***Commonwealth v. Donaghy***, 33 A.3d 12, 16 (Pa. Super. 2011) (holding that defense counsel was ineffective where defendant had sent counsel a letter that "sufficiently demonstrated a desire to appeal, such that counsel should have made a reasonable effort to discover [defendant's] wishes[,] as required under ***Flores-Ortega***.") (quotation marks omitted).

In the instant case, trial counsel testified that, after she had advised Weaver of his appeal rights via the written rights Notice, she expressly answered Weaver's question concerning the potential for success on appeal. ***See*** N.T., 8/8/17, at 17 (wherein trial counsel testified (which testimony the PCRA court found credible) that:  (1) she replied to Weaver that there was little chance of a successful appeal, particularly in light of the fact that a defense witness had presented trial testimony that was harmful to the defense; and (2) Weaver had expressed his agreement with this assessment of the impact of the defense witness's testimony).  Moreover, according to trial counsel's testimony, she told Weaver to contact her if he desired her to file an appeal, but he never contacted her.  ***Id.***  Therefore, the record reflects that trial counsel sufficiently consulted with Weaver about his appellate rights and the merits of an appeal.  ***See Markowitz***, ***supra***; ***Green***, ***supra***.

Accordingly, we conclude that Weaver's claim that trial counsel was ineffective for failing to file a requested direct appeal lacks merit. The PCRA court did not err in denying Weaver's first PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/15/2018