J-S17030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT BRUNDAGE, JR. | : | |
| | : | No. 3549 EDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order September 28, 2017
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000033-2014

BEFORE: BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY LAZARUS, J.: **FILED JUNE 26, 2018**

Robert Brundage, Jr., appeals from the order, entered in the Court of Common Pleas of Wayne County, denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. After careful review, we reverse and remand for reinstatement of Brown's direct appellate rights.

On May 7, 2015, Brundage entered an open guilty plea to one count of criminal attempt - criminal homicide.[1] On August 20, 2015, the trial court sentenced Brundage to eight to twenty years' incarceration. Brundage filed a motion for reconsideration of sentence, which the trial court denied on August 31, 2015. Brundage did not directly appeal his judgment of sentence.

On or about August 4, 2016, Brundage timely filed a *pro se* PCRA petition. Brundage retained private counsel, Brett J. Riegel, Esquire, and filed

---

[1] 18 Pa.C.S.A. § 901(a), 18 Pa.C.S.A. § 2501.

an amended PCRA petition on or about February 2, 2017. On September 28, 2017, following an evidentiary hearing, the trial court denied Brundage's PCRA petition. Brundage timely appealed. Both Brundage and the PCRA court have complied with Pa.R.A.P. 1925. On appeal, Brundage raises the following issues for our review:

> 1. Was the trial court's [determination] that defense counsel was effective an error, when defense counsel failed to have an evaluation of [Brundage's] sobriety performed, even though [Brundage's] sobriety was the most important factor in defense counsel's theory of the case?
>
> 2. Was the trial court's determination that defense counsel was effective an error, when defense counsel failed to notify [Brundage] of his right to counsel, appointed counsel, and waiver of appellate rights so that [Brundage] could seek timely review?

Brief of Appellant, at 4.

In Brundage's two issues on appeal, he avers trial counsel, Corey J. Kolcharno, Esquire, rendered ineffective assistance of counsel. Our standard of review regarding an order dismissing a petition under the PCRA is as follows:

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

***Commonwealth v. Benner***, 147 A.3d 915, 920 (Pa. Super. 2016), quoting

***Commonwealth v. Perry***, 128 A.3d 1285, 1289 (Pa. Super. 2015).

Our standard of review for claims of ineffective assistance of counsel is

well settled:

> [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. To prevail on an ineffectiveness claim, the petitioner has the burden to prove that[:] (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

***Benner***, 147 A.3d at 920 (citations and quotations omitted).

First, Brundage claims Attorney Kolcharno's decision not to "have an

evaluation of his sobriety performed" prejudiced his trial defense. Brief of

Appellant, at 4.

> As a general rule, matters of trial strategy are left to the determination of counsel, and a defendant is not entitled to appellate relief simply because a chosen strategy is unsuccessful. Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.] . . . ***The decision not to present a particular defense is a tactical one and will not be deemed ineffective stewardship if there is a reasonable basis for that position***.

***Commonwealth v. Buksa***, 655 A.2d 576, 582 (Pa. Super. 1995) (emphasis

added).

Here, Brundage avers Attorney Kolcharno's failure to evaluate his sobriety precluded him from raising a voluntary intoxication defense. Brundage's claim warrants no relief.

> Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to reduce murder from a higher degree to a lower degree of murder.

18 Pa.C.S.A. 308. Stated otherwise, voluntary intoxication is not a defense to criminal attempt – criminal homicide. **Commonwealth v. Williams**, 730 A.2d 507, 511 (Pa. Super. 1999). Thus, Attorney Kolcharno had a reasonable basis for not evaluating Brundage's sobriety and/or raising the defense of voluntary intoxication. **Benner**, **supra**; **Buksa**, **supra**.

Brundage also argues that evidence of his insobriety may have mitigated his plea agreement. Regarding this issue, Attorney Kolcharno stated as follows at Brundage's PCRA hearing:

> COMMONWEALTH: Now, [Brundage's] [c]ounsel has asked you whether or not you sought various evaluations; why didn't you do so?
>
> ATTORNEY KOLCHARNO: ***I didn't feel, as I indicated before, based on my conversation with the District Attorney, that evaluations, although may provide mitigation at sentencing [sic], were not going to change [the District Attorney's] mind about the plea offer she was going to ultimately extend to us.***
>
> Q: And do you remember raising certain items as mitigation at sentencing?

A: Yes, in fact I authored a sentencing memorandum[,] which I filed with the court.[2]

*Q: And to your recollection, did the Court in fact say that [it] had considered [Brundage's] work on his alcoholism with counselors as a positive factor at sentencing?*

*A: Absolutely.*

N.T. PCRA Hearing, 4/27/17, at 24-25 (emphasis added).

Attorney Kolcharno, considering several factors, did not determine that submitting a sobriety evaluation at sentencing was a pragmatic strategy that would further Brundage's interests. **Buska**, **supra**. Moreover, the record belies Brundage's claim that Attorney Kolcharno's strategy prejudiced him at sentencing. In fact, the sentencing court, according to Attorney Kolcharno, considered his alcoholism treatment as a mitigating factor. N.T. PCRA Hearing, 4/27/17, at 25.

Next, Brundage claims that Attorney Kolcharno was ineffective for failing to appeal the denial of his motion for reconsideration of sentence.

Where there is unjustified failure to file a requested direct appeal, conduct of trial counsel constitutes "prejudice" for purposes of the PCRA. **Commonwealth v. Lantzy**, 736 A.2d 564, 570 (Pa. 1999). However, trial counsel is not ineffective for failing to file a direct appeal where nothing in the record shows that defendant requested counsel to file an appeal on his behalf. **Commonwealth v. Spencer**, 892 A.2d 840, 841 (Pa. Super. 2006). In this regard, "the better practice is for counsel to routinely consult with the

_____

[2] Brundage Sentencing Memorandum, 8/19/2015.

defendant regarding the possibility of an appeal." ***Roe v. Flores-Ortega***, 528 U.S. 470, 479 (2000). However, the Supreme Court of the United States has rejected "a bright-line rule that counsel must always consult with the defendant regarding appeal." ***Id.*** at 480. The ***Flores-Ortega*** Court established a test for determining when counsel performed deficiently by not filing an appeal:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question [of] whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: [W]hether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

***Id.*** at 478. Accordingly, we "must first assess whether consultation has occurred; if so, deficient performance is established only if counsel failed to file a requested notice of appeal." ***Commonwealth v. Green***, 168 A.3d 173, 176 (Pa. Super. 2017). Counsel must "make 'a reasonable effort to discover the defendant's wishes.'" ***Id.*** at 177, quoting ***Flores-Ortega***, ***supra*** at 478. Furthermore, "the consultation must, at a minimum, encompass advice regarding an actual appeal." ***Id.***

In ***Green***, appellant, filed a PCRA petition seeking reinstatement of his appellate rights *nunc pro tunc*, arguing that trial counsel failed to discuss with

him a non-frivolous ground for appeal. There, counsel filed a motion to suppress evidence, which the trial court denied, thus preserving appellant's issue. Counsel did not recall discussing an appeal with appellant, but, preliminarily, counsel persuaded appellant not to plead guilty to preserve substantive appellate rights. The PCRA Court determined that where the appellant was aware that his issue, a suppression claim, was preserved, and counsel informed appellant of his appellate rights, counsel sufficiently consulted with appellant. The PCRA court also concluded that appellant had failed to establish that a rational defendant would wish to appeal what it viewed as a meritless suppression claim. The **Green** Court disagreed, finding that where "counsel unequivocally denied discussing an appeal yet specifically litigated appellant's matter in a way to preserve a particular issue for appeal," **Green**, 168 A.3d at 177, counsel's consultation fell short of **Flores-Ortega**'s demand.

Here, Attorney Kolcharno, at the time Brundage retained him as trial counsel, repeatedly "made it clear . . . [he] would not be handling the appeal, and [he] was not retained for the appeal, and at no point was [he] going to do the appeal." N.T. PCRA Hearing, 4/27/17, at 6. However, at some point, Attorney Kolcharno counseled Brundage to enter an open plea and subsequently filed a motion for reconsideration of sentence. Although the trial court denied Brundage's motion, Attorney Kolcharno litigated his plea in a manner that preserved a substantial issue for appellate review, i.e., a challenge to the discretionary aspects of his sentence. Following trial,

- 7 -

Attorney Kolcharno did not file a motion for leave to withdraw and continued to communicate with Brundage and his family members. Specifically, Attorney Kolcharno sent Brundage a letter dated September 3, 2015, which he read into the record in its entirety at Brundage's PCRA hearing:

> Please find enclosed an [o]rder dated August 31, 2015, signed by Judge Hamill denying our Petition for Reconsideration[,] which I previously filed on August 28, 2015. Please be advised that you have thirty days to file a direct appeal to [the] Pennsylvania Superior Court if you wish. This concludes my representation of your case for which I was originally retained. I wish you well in the future and *if you have any additional question, please do not hesitate to contact my office or write to me directly*.

*Id.* at 27 (emphasis added). Additionally, Brundage recalled the following conversation with his sister:

> My sister contacted me in Graterford Prison. It was probably in the first week of October and she said we[ have] got to do an appeal.[3] And I said I don't know nothing about an appeal. And she said I[ am] going to talk to [Attorney Kolcharno] and try to do something. *And then she got back to me and said that he doesn't do appeals.* I said, well, tell him thank you, that I appreciate all he's done for me so far and that I didn't know what to do on that end because I thought I had ninety days and here I found out from a lot of inmates that it was thirty days. So I kind of figured that my time was up.

N.T. PCRA Hearing, 4/27/17, at 36 (emphasis added).

Here, it is clear that Attorney Kolcharno litigated Brundage's matter in a way to preserve a substantive issue for direct appeal. Brundage entered an open guilty plea and Attorney Kolcharno preserved a potential discretionary

---

[3] Brundage's right to appeal tolled on September 30, 2015. *See* Pa.R.A.P. 903(a).

aspects of sentence claim by filling a motion for reconsideration of sentence. *Commonwealth v. Johnson*, 758 A.2d 1214, 1216 (Pa. Super. 2000) (defendant who pled guilty may challenge discretionary aspects of his sentence as long as defendant did not agree to negotiated sentence as part of plea agreement). However, Attorney Kolcharno concedes that he explicitly advised Brundage that he was not, under any circumstances, going to handle Brundage's appeal. The record supports that, following trial, Attorney Kolcharno reiterated his refusal to handle Brundage's appeal to Brundage's family. Furthermore, the September 3, 2015 letter does not expound upon the advantages or disadvantages of an appeal, as *Flores-Ortega* demands – it merely states Brundage had thirty days to file an appeal. In light of Attorney Kolcharno's failure to give Brundage any substantive advice regarding an appeal, coupled with his repeated comments indicating he would not handle Brundage's appeal, we find Attorney Kolcharno's consultation was deficient.

Having concluded that counsel's consultation was inadequate, we now address whether counsel actually had a duty to consult.

> [C]ounsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Commonwealth v. McDermitt*, 66 A.3d 810, 815 (Pa. Super. 2013). Furthermore,

> Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defend would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

**Green**, 168 A.3d at 178, quoting **Flores-Ortega**, **supra** at 480.

The circumstances here are unique, insofar as Attorney Kolcharno preemptively refused to pursue Brundage's appeal. However, like in **Green**, Attorney Kolcharno litigated Brundage's plea in a way to preserve a particular issue for appeal. Thus, applying the foregoing test, we find that a rational defendant would have wanted to appeal an issue that counsel, through procedural maneuvering, explicitly preserved.

Clearly, the fact that Brundage entered an open guilty plea and filed a motion for reconsideration of sentence, which preserved his discretionary aspects issue for appellate review, is relevant to the rational defendant inquiry. Moreover, vindication on direct appeal would have theoretically reduced Brundage's sentence, an unquestionably desirable outcome. Also relevant to our inquiry is Attorney Kolcharno's preemptive refusal to handle Brundage's appeal. Such refusal may have discouraged Brundage from making a reasonable effort to compel Attorney Kolcharno to file an appeal on his behalf and/or is indicia that Attorney Kolcharno would not have filed an appeal even if he thought a rationale defendant would want him to.

We therefore find that Attorney Kolcharno failed to take the required step of consulting with Brundage, following denial of his motion for reconsideration, to ascertain whether he wished to present the preserved discretionary aspects of sentence issue to this Court.

We now address the prejudice prong.

> To establish that the failure to consult entitles Appellant to relief, he must demonstrate that "but for counsel's deficient conduct, he would have appealed." The prejudice inquiry is satisfied if Appellant demonstrates a nonfrivolous issue for appeal. The prejudice inquiry . . . is not wholly dissimilar from the inquiry used to determine whether counsel performed deficiently in the first place; specifically, both may be satisfied if the defendant shows nonfrivolous grounds for appeal.

**Green**, 168 A.3d at 179 (citation omitted). Applying this test, Brundage has established prejudice. Attorney Kolcharno failed to provide Brundage advice regarding an appeal of a non-frivolous discretionary aspects of sentencing issue that he explicitly preserved for review. Consequently, Brundage's appellate rights tolled. Therefore, Brundage is entitled to relief.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

President Judge Emeritus Bender joins the Memorandum.

Judge Kunselman joins the Memorandum and files a Concurring Statement in which President Judge Bender and Judge Lazarus join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/18