J-S20010-17

2017 PA Super 243

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ANDRE C. GREEN | |
| Appellant | No. 2240 EDA 2016 |

Appeal from the PCRA Order June 27, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012604-2011

BEFORE:  BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.

OPINION BY BOWES, J.:                          **FILED JULY 24, 2017**

Andre Green appeals from the June 27, 2016 order denying his PCRA petition seeking reinstatement of his appellate rights *nunc pro tunc*.  We reverse and remand for reinstatement of Appellant's direct appellate rights.

The facts and procedural history are as follows.  On September 27, 2011, Philadelphia Police Officer Kevin Devlin and his partner observed Appellant in an area known for drug trafficking.  He saw Appellant bend down between the curb and a parked vehicle.  As Officer Devlin and his partner approached, someone on the street alerted nearby persons to their presence.  Appellant stood up, looked at the officers in their car, grabbed his

waistband, and walked into a nearby store.[1]  The officers testified they believed they had witnessed an aborted drug transaction since cars parked near a curb are often utilized to stash drugs and a male was standing near Appellant's location.  Officer Devlin parked his vehicle and followed Appellant into the store.  He ordered Appellant to place his hands in the air.  Appellant complied, and the officer saw a gun in Appellant's waistband.  He was arrested and charged with carrying a firearm without a license, prohibited possession of a firearm, and carrying a firearm in public in Philadelphia.

Appellant retained trial counsel, who filed a motion to suppress the firearm, alleging that the officers lacked reasonable suspicion to seize Appellant inside the store.  Following an evidentiary hearing on October 4, 2012, the trial court denied the motion, and Appellant proceeded to a stipulated bench trial.  The court found him guilty at all counts.  On November 29, 2012, Appellant was sentenced to two to four years incarceration for carrying a firearm without a license, and a consecutive aggregate period of eight years of probation at the other counts.  Appellant did not file an appeal.

On November 3, 2013, Appellant filed a *pro se* PCRA petition.  Counsel was appointed and thereafter filed amended petitions on July 23, 2015 and

---

[1]  The certified record does not include the notes of testimony from the actual suppression hearing.  The current record does not clearly indicate whether or not the officers were in marked police vehicles.

May 16, 2016. The PCRA court held an evidentiary hearing and subsequently denied relief. Appellant timely filed a notice of appeal.[2] Appellant raises one issue for our review.

> Did the trial court err in not reinstating Appellant's right to file an appeal *nunc pro tunc* from the judgment of sentence due to ineffective assistance [of] trial defense [counsel] who failed to discuss with the Appellant a non-frivolous ground for appeal?

Appellant's brief at 2.

"[W]e review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Orlando***, 156 A.3d 1274, 1280 (Pa.Super. 2017) (quoting ***Commonwealth v. Treiber***, 121 A.3d 435, 444 (Pa. 2015)). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. ***Commonwealth v. Abu-Jamal***, 720 A.2d 79, 99 (Pa. 1998). A PCRA court's legal conclusions, however, are reviewed *de novo*. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1127 (Pa. 2011).

Appellant relies upon ***Roe v. Flores-Ortega***, 528 U.S. 470 (2000), which supplies the legal framework for the question presented on appeal. Therein, the High Court addressed counsel's duty in the situation herein,

---

[2] Resolution of this case was delayed by a September 2, 2016, application for remand to file a Pa.R.A.P. 1925(b) statement. We granted that request on September 21, 2016.

when the defendant has not clearly conveyed one way or the other whether he wishes to appeal. *Id*. The Court declined to impose either a *per se* duty to file a notice of appeal or a *per se* duty to consult. "We cannot say, as a **constitutional** matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient." *Id*. at 479 (emphasis in original as italics). However, the Court noted its expectation that "courts . . . will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal." *Id*. at 481.

*Flores-Ortega* established that a court must first assess whether consultation has occurred; if so, deficient performance is established only if counsel failed to file a requested notice of appeal. The Court stated:

> [W]e believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning- advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

*Id*. at 478 (internal citation omitted). If, however, counsel has not consulted with the defendant, "the court must in turn ask a second, and

- 4 -

subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." **Id**.

Presently, the Commonwealth maintains that trial counsel did, in fact, consult with Appellant, and, since it is undisputed that Appellant did not ask counsel to file an appeal, we must affirm the order of the court. Additionally, the Commonwealth highlights that the trial court informed Appellant of his right to an appeal following sentencing, and trial counsel testified at the PCRA hearing that he always discussed appellate rights with his clients. Since the trial court credited that testimony, the Commonwealth maintains Appellant is not entitled to relief.

Appellant testified at the PCRA hearing that he was unaware of his appellate rights. N.T. PCRA Hearing, 6/16/16, at 7. At the time of that hearing, the sentencing transcript was not available; however, the parties now agree that Appellant was informed on the record that he had a right to file an appeal within thirty days. The PCRA court's rejection of Appellant's testimony that he was wholly unaware of his appellate rights is unassailable as a credibility finding that is fully supported by the record. However, we do not find that Appellant's unbelievable testimony compels the further conclusion that his **Flores-Ortega** claim is defeated. The asserted failure in this case is the deficient failure to consult regarding an appeal of the preserved grounds. Indeed, **Flores-Ortega** itself involved a defendant who was told of his appellate rights. "After pronouncing sentence, the trial judge

- 5 -

informed respondent, 'You may file an appeal within 60 days from today's date with this Court.'" *Id*. at 473-74. Accordingly, the mere fact that Appellant was informed of his appellate rights as a generic proposition does not prohibit a finding of prejudice in this case. *Compare Commonwealth v. Markowitz*, 32 A.3d 706, 716-17 (Pa.Super. 2011) (concluding that where all issues are wholly frivolous, it is enough that a defendant is aware that he has a right to an appeal). Therefore, Appellant's unbelievable testimony does not settle the matter.

We now examine trial counsel's testimony. Counsel testified that he and Appellant discussed the suppression motion and "what his potential sentencing would be in the event that he pled guilty and mitigated versus fighting the case on a motion." *Id*. at 27-28. With respect to any appeal, trial counsel testified as follows:

> Q. Do you remember speaking with him at all about taking an appeal?
>
> A. **No**.
>
> Q. Do you –
>
> A. Well, I will say this: A specific conversation about, "I want to appeal," and then getting into, "Okay, we're going to talk about this appeal."
>
> But I will say this: **I did have a conversation** – I don't know how long it would've been – **that the reason that we're not pleading guilty after denying the motion would be we have to put this up at least by stipulation, preserve your rights for purposes of any substantive appeal**.

- 6 -

> And so I know I had the conversation either before the day or perhaps briefly during the day. I can't be sure.

*Id*. at 28-29 (emphases added).[3] Counsel further testified that he discussed appellate rights with Appellant as he would with all clients. *Id*. at 29.

The PCRA court concluded that Appellant was aware that the suppression issue was preserved and was informed of his appellate rights, and therefore counsel sufficiently consulted with Appellant. Moreover, the PCRA court concluded that Appellant failed to establish that a rational defendant would wish to appeal since the suppression motion was meritless. We disagree.

We agree that we are bound by the credibility determination that a conversation between counsel and Appellant regarding appellate rights occurred. However, the question is not simply whether consultation occurred, it is whether that consultation was adequate within the meaning of that term as expressed in *Flores-Ortega*, which is a conclusion of law subject to review *de novo*. Hence, the credibility finding does not control the outcome.

In *Commonwealth v. Markowitz*, 32 A.3d 706, 716-17 (Pa.Super. 2011), we noted that *Flores-Ortega* and subsequent case law in this

---

[3]  We presume that the day referenced is October 4, 2012, when the suppression motion was denied and the parties proceeded to the stipulated trial.

Commonwealth did not address "the adequacy of the consultation required. Nonetheless, it is evident that incorrect advice or failing to properly advise a client can be grounds for an ineffectiveness claim." We recognize that Appellant does not allege that counsel gave erroneous advice. Yet the gap between an allegation of erroneous advice and the failure to give any semblance of advice one way or the other is not particularly large, if it exists at all.

Herein, the consultation relied upon by the PCRA court and the Commonwealth was not advice regarding the advantages or disadvantages of an appeal; instead, it was merely advice regarding issue preservation for a future appeal. *Flores-Ortega* makes plain that the consultation must, at minimum, encompass advice regarding an actual appeal, not simply how to preserve issues for a theoretical appeal.[4] This is why the test requires the attorney to make "a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, *supra* at 478. The Court did not suggest that it is enough to merely inform the defendant that an appeal is possible in the abstract sense. Plea counsel unequivocally denied discussing an appeal yet specifically litigated this matter in a way to preserve a particular issue for

---

[4] Nor do we find that counsel's testimony that he regularly discusses appellate issues, which the PCRA court credited, ends the matter. We cannot accept a conclusory statement that appellate rights were discussed without knowing the content of that discussion.

appeal. Therefore, we find that the conversation regarding issue preservation does not meet *Flores-Ortega*'s demand.

Having concluded that the consultation was inadequate, we now address whether counsel actually had a duty to consult. Plainly, any inadequacy in the consultation is irrelevant if there was no duty to consult. In *Commonwealth v. McDermitt*, 66 A.3d 810, 815 (Pa.Super. 2013), we explained that

> Pursuant to *Flores–Ortega* and [*Commonwealth v. Touw*, 781 A.2d 1250, 1254 (Pa.Super. 2001)], counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id*. at 815.

Applying this test, we find that a rational defendant would want to appeal an issue that counsel, through procedural maneuvering, explicitly preserved.[5] Therefore, counsel had a duty to consult. The mere fact that

---

[5] Both the PCRA court and the Commonwealth discuss the suppression motion's likelihood of success on appeal, suggesting that counsel had no duty to consult. These discussions ignore the fact that trial counsel obviously disagreed with this assessment by virtue of the fact he filed the motion and preserved the issue for appeal. By claiming the issue utterly lacked merit, the Commonwealth and the PCRA court imply that trial counsel was ineffective for pursuing suppression in the first place instead of advising a guilty plea and citing the plea as a mitigating circumstance.

*(Footnote Continued Next Page)*

- 9 -

the suppression issue was preserved for review is highly relevant to our analysis. *Flores-Ortega* stated that issue preservation is probative of whether a rational defendant would desire an appeal:

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, **the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights**. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id*. at 480 (emphasis added). Clearly, the fact that Appellant proceeded to a stipulated trial, which preserved his suppression issue for appellate review, is relevant to the rational defendant inquiry.

Next, we find that a rational defendant in Appellant's position would desire an appeal because the suppression issue did not turn on a matter of credibility, which this Court cannot review on appeal, but on a matter of law,

_____

*(Footnote Continued)* ———————————

Moreover, the PCRA court concluded that the claim is meritless, but "a claim that lacks merit is not necessarily wholly frivolous[.]" *Commonwealth v. Markowitz*, 32 A.3d 706, 717 (Pa.Super. 2011). The duty to consult arises if there is a non-frivolous issue to raise, not an ultimately meritorious issue.

which this Court would review *de novo*.[6] ***Commonwealth v. Brown***, 996 A.2d 473, 476 (Pa. 2010) (appellate court applies *de novo* review over suppression court's legal conclusions).

Finally, vindication on direct appeal would be entirely favorable to Appellant, as a ruling in his favor would require suppression of the firearms found on Appellant's person. Thus, this is not a case where appellate success would be harmful to the client's ultimate interests. ***Compare McDermitt***, ***supra*** (finding that counsel had no duty to consult where appellant pleaded no contest and received lenient sentence of probation; rational defendant would not desire an appeal from a generous sentence). We therefore find that counsel was ineffective for failing to take the extra step of consulting with Appellant, following sentencing, to ascertain whether or not Appellant wished to present the preserved suppression issue to this Court.[7]

---

[6] Arguably, the mere fact that trial counsel preserved the issue for appeal is a sufficient ground to hold that a rational defendant would desire an appeal, since counsel is presumed effective. ***Flores-Ortega*** stated that a non-frivolous ground is an **example** of why a rational defendant would wish to appeal, not that it is the **only** criterion that matters.

[7] We recognize the PCRA court's conclusion that, since counsel discussed with Appellant the preservation of the suppression issue as a component of proceeding to the stipulated trial, Appellant was armed with all information he needed to request an appeal. In other words, the PCRA court concluded that the pre-sentencing advice was sufficient.

*(Footnote Continued Next Page)*

We now address the prejudice prong. To establish that the failure to consult entitles Appellant to relief, he must demonstrate that "but for counsel's deficient conduct, he would have appealed." *Flores-Ortega*, *supra* at 486. The prejudice inquiry is satisfied if Appellant demonstrates a nonfrivolous issue for appeal. "[T]he prejudice inquiry . . . is not wholly dissimilar from the inquiry used to determine whether counsel performed deficiently in the first place; specifically, both may be satisfied if the defendant shows nonfrivolous grounds for appeal." *Id*. at 486. Applying this test, Appellant has established prejudice, as counsel failed to provide advice regarding an appeal of the suppression issue that was explicitly preserved for review. Hence, he is entitled to relief.

*(Footnote Continued)* ―――――――――――――

It does not appear that any Pennsylvania case has directly addressed whether consultation can occur before the right to appeal is actually triggered, *i.e.*, post-sentencing. *See e.g. United States v. Cong Van Pham*, 722 F.3d 320, 324, n.16 (5th Cir. 2013) (declining to impose mechanical rule that consultation must always follow sentencing, but noting in the particular case that counsel merely "discussed an appeal in the abstract" prior to sentencing). As discussed *supra*, we find that adequate consultation requires advice regarding whether an appeal should actually be pursued. Therefore, we need not decide that question.

Furthermore, we note that the record reveals that the discussion of stipulation and preserving the issue occurred no later than October 4, 2012, the date Appellant was found guilty following the stipulated trial. However, Appellant was not sentenced until November 29, 2012. Thus, to the extent pre-sentencing consultation is possible, it is doubtful that the October 4, 2012 conversation would qualify since Appellant cannot reasonably be expected to remember the nuances of a conversation that occurred almost two months before he could actually file an appeal. This is not a case where the pre-sentencing consultation immediately preceded sentencing.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2017