J-S16003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM SCOTT ALLISON | : | |
| | : | |
| Appellant | : | No. 1418 MDA 2017 |
| | : | |

Appeal from the PCRA Order August 17, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000363-2015,
CP-22-CR-0004206-2015

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 31, 2018**

William Scott Allison appeals *pro se* from the order denying his PCRA petition, and granting counsel leave to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). We reverse and remand for further proceedings.

This matter relates to Appellant's negotiated guilty plea on November 25, 2015. The facts presented at the guilty plea hearing established that a thirteen-year-old female, M.B., temporarily stayed at Appellant's residence. On one occasion, Appellant inserted his finger into M.B.'s vagina, and attempted to have oral and vaginal sex with her. M.B. kicked Appellant, causing him to stop. Appellant pled guilty to involuntary deviate sexual intercourse with a person less than sixteen, attempted rape, attempted

_____
*   Retired Senior Judge assigned to the Superior Court.

involuntary deviate sexual intercourse, and aggravated indecent assault. The plea bargain called for a sentence of fifteen to thirty years incarceration, which the trial court thereafter imposed. Appellant's counsel "waive[d] reading of [Appellant's] post-sentencing rights as those were contained in the guilty plea colloquy." N.T., 11/25/15, at 21.

No direct appeal was filed. Appellant filed a timely *pro se* PCRA petition, asserting that his sentence was unconstitutionally imposed in light of **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016).[1] *Pro se* PCRA petition, 12/1/16, at 3-4. He requested "reconsideration" of his sentence and explicitly stated that he did not wish to withdraw his plea. The *pro se* petition did not raise any issue concerning a failure to file a direct appeal.

Counsel was appointed and ordered to file an amended PCRA petition or no-merit letter. On July 14, 2017, PCRA counsel filed a **Turner**/**Finley** no-merit letter, which addressed Appellant's **Wolfe** claim and concluded that it lacked merit for multiple reasons. The letter also stated that counsel had reviewed "letters of communication with [Appellant]," **Turner/Finley** letter, 7/14/17, at unnumbered 3, and addressed three additional claims that Appellant raised during those communications. Those claims were that plea counsel was ineffective in recommending that he accept the plea, that his

---

[1] **Wolfe** held that the proof at sentencing provision of 42 Pa.C.S. § 9718(c) is unconstitutional and not severable. Appellant was charged with crimes that, at the time of his plea, would have resulted in mandatory minimum sentences under § 9718 had the Commonwealth sought their imposition. Appellant received a negotiated sentence and did not receive a mandatory minimum sentence.

sentence was illegal, and that plea counsel failed to file an appeal at Appellant's request. The letter addressed why PCRA counsel believed those additional claims lacked merit.

The PCRA court thereafter issued a joint notice of intent to dismiss the PCRA petition and memorandum addressing the merits of the claims discussed in the ***Turner/Finley*** letter. The notice of intent to dismiss also granted PCRA counsel's petition to withdraw without waiting for any response by Appellant. Finally, the notice of intent to dismiss advised Appellant of his right to proceed *pro se* or with privately retained counsel, accompanied by a footnote stating that the ***Turner/Finley*** no-merit letter had failed to do so.

Appellant filed *pro se* objections on August 14, 2017. The objections asserted that PCRA counsel ignored multiple letters sent by Appellant, and raised a boilerplate assertion of PCRA counsel ineffectiveness. On August 17, 2017, the PCRA court dismissed the petition.

Appellant filed a timely notice of appeal, and the PCRA court adopted the memorandum issued in the notice as its opinion. The matter is ready for our review. Appellant raises the following issues:

> I. Was it error to deny the PCRA petition after it was demonstrated per the record that PCRA counsel never once contacted Appellant, failed to respond to letters and as the court noted, counsel never sent Appellant a copy of the [***Turner/Finley*** no-merit] letter?
>
> II. Was it error to deny the PCRA petition after the court was provided three instances of record that showed plea counsel had been asked to file a direct appeal?

III. Can plea of guilt counsel be found ineffective after stating that if Appellant did not plead guilty, "they would take my children and I would never see them again"?

Appellant's brief at 4.

We examine the denial of a PCRA petition under the following principles.

We review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error. A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. A PCRA court's legal conclusions, however, are reviewed *de novo*.

*Commonwealth v. Green*, 168 A.3d 173, 175 (Pa.Super. 2017) (quotation marks and citations omitted).

Appellant's first issue asserts that counsel failed to supply him a copy of the no-merit letter, a conclusion that is bolstered by the PCRA court's notice of intent to dismiss, which noted that PCRA counsel failed to inform Appellant of his rights. Relatedly, our review of the no-merit letter establishes that PCRA counsel attached a copy of an entirely separate letter, which merely summarized the contents of the no-merit letter.

We find that the PCRA court erroneously permitted counsel to withdraw because he failed to satisfy the technical aspects of *Turner/Finley*. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa.Super. 2012) ("[C]ounsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney."). Therefore, the court should have not

permitted counsel to withdraw. *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007) ("If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits . . . but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner/Finley* request[.]").

We therefore vacate and remand for the appointment of new counsel to review this case, as the technical requirements were not met and the PCRA court failed to deny the request to withdraw. Since we direct the appointment of new counsel, we decline to address whether the PCRA court erroneously permitted PCRA counsel to withdraw as a matter of substance.[2]

Order reversed. Jurisdiction relinquished.

---

[2] We note that the no-merit letter addressed Appellant's claim that he requested his counsel to file a direct appeal by opining that Appellant was "required to prove that he had an issue that deserved an attempt at appeal." *Turner/Finley* letter, 7/14/17, at unnumbered 8, ¶ 26 (emphasis added). This analysis was incorrect. *See Roe v. Flores–Ortega*, 528 U.S. 470 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.") (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/31/2018