J-S53008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ELWOOD SMALL | : | |
| | : | |
| Appellee | : | No. 250 EDA 2018 |

Appeal from the PCRA Order December 14, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0521601-1982

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 29, 2018**

The Commonwealth appeals from the grant of the fourth petition of
Appellee, Elwood Small, filed pursuant to the Post Conviction Relief Act
(PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We reverse and remand.

We take the underlying factual and procedural history from this Court's
August 3, 2012 memorandum opinion and our independent review of the
certified record.  On December 23, 1981, Appellee and his co-defendant, Larry
L. Bell, conspired to rob Patrick Blake, an acquaintance who previously had
sold drugs to them.  Appellee and Bell entered Blake's apartment to find Blake
and Jon McCrary.  During the incident, Appellee stabbed Blake in the back
before he managed to escape through a first-floor window.  Appellee fatally
stabbed McCrary three times in the chest.

_____
*   Retired Senior Judge assigned to the Superior Court.

. . . On April 13, 1983, a jury found Appell[ee] and [Bell] guilty of second degree murder, aggravated assault, simple assault, robbery, and conspiracy. On November 9, 1983, the court sentenced Appell[ee] to life imprisonment for the murder conviction, plus a consecutive term of five (5) to ten (10) years' imprisonment for the conspiracy conviction. This Court affirmed the judgment of sentence on March 22, 1985, and our Supreme Court denied Appell[ee's] petition for allowance of appeal on November 26, 1985. (*See Commonwealth v. Small*, 494 A.2d 485 (Pa. Super. 1985) (unpublished memorandum), *appeal denied*, ___ A.2d ___ (Pa. 1985)).

On February 5, 1990, Appell[ee] filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended petition on Appell[ee]'s behalf. On June 10, 1992, the court denied PCRA relief. This Court affirmed the order denying PCRA relief on September 16, 1993, and our Supreme Court denied Appell[ee]'s petition for allowance of appeal on March 7, 1994. (*See Commonwealth v. Small*, 636 A.2d 1216 (Pa. Super. 1993) (unpublished memorandum), *appeal denied*, 642 A.2d 485 (Pa. 1994)).

On December 31, 1996, Appell[ee] filed a second *pro se* PCRA petition. On June 18, 1997, the PCRA court dismissed the petition as untimely. This Court affirmed the PCRA court's order on August 11, 1998, and our Supreme Court denied Appell[ee]'s petition for allowance of appeal on March 25, 1999. (*See Commonwealth v. Small*, 726 A.2d 415 (Pa. Super. 1998) (unpublished memorandum), *appeal denied*, 737 A.2d 1224 (Pa. 1999)).

Appell[ee] filed [his third] *pro se* PCRA petition . . . on November 16, 2007. In it, [he] claimed to have recently learned that the trial judge had coerced a juror into rendering a guilty verdict. The court appointed counsel, who filed an amended petition on March 12, 2010. On December 3, 2010 and December 14, 2010, the court conducted evidentiary hearings on the matter. The court ultimately denied PCRA relief on April 29, 2011. [This Court affirmed the denial on August 3, 2012, and our Supreme Court denied further review on January 10, 2013. (*See Commonwealth v. Small*, 60 A.3d 556 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 62 A.3d 379 (Pa. 2013)).]

***Commonwealth v. Small***, No. 1370 EDA 2011, unpublished memorandum at **1-3 (Pa. Super. filed Aug. 3, 2012) (some record citation formatting provided).

On July 23, 2014, Appellee filed his fourth *pro se* PCRA petition. On May 4, 2017, the court provided notice of its intent to dismiss the petition without a hearing. ***See*** Pa.R.Crim.P. 907(1). Appellee responded *pro se* on May 15, 2017. On August 30, 2017, the court appointed counsel, scheduled an evidentiary hearing, and, pursuant to Appellee's request, ordered the Commonwealth to produce discovery, including trial transcripts and exhibits, transcripts from any prior PCRA hearings, and the transcript and exhibits from Mr. Bell's PCRA hearings. Appointed counsel filed an amended petition on October 30, 2017, in which he asserted that Mr. Bell testified at his own PCRA hearing in 1993. Counsel concedes that Bell did not recant his trial testimony, but claims he "changed his testimony in subtle but important ways[,]" thus creating doubt about Appellee's role in the 1981 robbery and murder. (Amended Fourth PCRA Petition, 10/30/17, at 2). On December 14, 2017, after a hearing on Appellee's PCRA petition, the court granted his petition, vacated his judgment of sentence, and ordered a new trial. The Commonwealth timely appealed.[1]

---

[1] The PCRA court did not order the Commonwealth to file a concise statement of errors. It filed an opinion on January 11, 2018 that was identical to the one it filed in support of its order on December 14, 2017. ***See*** Pa.R.A.P. 1925.

- 3 -

The Commonwealth raises one question for this Court's review. "[Whether] the PCRA court err[ed] in granting [Appellee's] petition because the court's findings were not supported by the record and were not free of legal error?" (Commonwealth's Brief, at 4) (unnecessary capitalization omitted).

It is well-settled that:

> [W]e review a [grant or] denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error. A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. A PCRA court's legal conclusions, however, are reviewed *de novo*.

**Commonwealth v. Green**, 168 A.3d 173, 175 (Pa. Super. 2017), *appeal denied*, 183 A.3d 340 (Pa. 2018) (citations and quotation marks omitted).

It is well-settled that:

> Before addressing the issues presented on appeal, we must determine whether Appellant's instant PCRA petition was timely filed. Our Supreme Court has stressed that [t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed. It is well settled that [a]ny and all PCRA petitions must be filed within one year of the date on which the petitioner's judgment became final, unless one of three statutory exceptions applies. A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

**Commonwealth v. Garcia**, 23 A.3d 1059, 1061-62 (Pa. Super. 2011) (footnote, case citations and quotation marks omitted). "The petitioner bears the burden to allege and prove [that] one of the timeliness exceptions

- 4 -

applies." *Id.* at 1062 (citation omitted). Importantly, "[t]his time constraint . . . is not subject to tolling or other equitable considerations." ***Commonwealth v. Robinson***, 185 A.3d 1055, 1058 (Pa. Super. 2018), *appeal denied*, 2018 WL 4091605 (Pa. filed Aug. 28, 2018) (citation omitted).

In the case *sub judice*, Appellee's judgment of sentence became final on February 24, 1986, which was ninety days after our Supreme denied him further review and he did not petition for a writ of *certiorari*. ***See*** U.S. S. Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief unless he pleaded and proved that a timeliness exception applied. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Accordingly, Appellee's current petition, filed on July 23, 2014, is untimely on its face unless he pleads and proves one of the statutory exceptions to the time-bar.

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition, including the discovery of previously unknown facts that would have supported a claim. ***See id.*** at § 9545(b)(1)(ii). A PCRA petition invoking the statutory exception must "be filed within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Here, the Commonwealth argues that "[t]he court wrongly found that [Appellee] satisfied the newly-discovered facts exception to the one-year PCRA jurisdictional time-bar[.]" (Commonwealth's Brief, at 11). We agree.

Appellee claims the applicability of the newly discovered facts exception based on his discovery of statements made by Bell at his March 5, 1993 PCRA hearing in which he provided "an entirely new account" of the crime, and "a new motive for his testimony—namely, the strategic desire to evade a homicide conviction by conceding a robbery conviction[.]" (Appellee's Brief, at 37-38; PCRA Ct. Op., at 42). This claim lacks merit.

> Exception (b)(1)(ii) requires [a] petitioner to allege and prove that there were **facts** that were "unknown" to him and that he could not have ascertained those **facts** by the exercise of due diligence. The focus of the exception is on [the] newly discovered **facts**, not on a newly discovered or newly willing source for previously known facts. [T]his Court rejected [a] petitioner's argument that a witness's subsequent admission of alleged facts brought a claim within the scope of exception (b)(1)(ii) even though the facts had been available to the petitioner beforehand. . . . [T]his Court more recently held that an affidavit alleging perjury did not bring a petitioner's claim of fabricated testimony within the scope of exception (b)(1)(ii) because the only "new" aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim. Specifically, we held that the fact that the petitioner "discovered yet another conduit for the same claim of perjury does not transform his latest source into evidence falling within the ambit of [Section] 9545(b)(1)(ii)."

***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. Super. 2008) (footnote, citations and most quotation marks omitted; emphases in original).[2]

---

[2] Although we agree with the PCRA court that courts have often used "newly discovered facts" and "after discovered evidence" interchangeably, its implication that the terms **should** be used that way and require the same analysis is incorrect. (***See*** PCRA Ct. Op., at 30 n.7). In ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1197

Here, although Bell's PCRA testimony, given ten years after trial, lacked the detail of his trial testimony, it was materially consistent with his trial testimony and defense. Specifically, he consistently maintained that although he admittedly conspired to rob the victims, it was not his intent to murder or assault them, and that, in fact, he was in shock after Appellee stabbed them. (**See** N.T. Trial, 4/11/83, at 653-54, 656-59, 671-72); (**See** N.T. Bell PCRA Hearing, 3/05/93, at 9, 11-12, 25).[3] Hence, since trial, Appellee knew Bell's version of the events, and motivation for providing the trial testimony, and it is not a newly discovered fact. **See Marshall**, **supra** at 720.

Also, even if it could be considered a newly discovered fact, Bell's PCRA testimony was not unknown. It is well-settled that "matters of public record are not unknown[,]" and therefore cannot form the basis for a PCRA timeliness

_____

(Pa. 2005), we observed that the jurisdictional timeliness exception at Section 9545(b)(1)(ii):

> has often **mistakenly** been referred to as the after-discovered evidence exception[,] [which is found at 42 Pa.C.S.A. § 9543(a)(2)(vi).] . . . [A]s an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. **Once jurisdiction is established**, a PCRA petitioner can present a substantive after-discovered-evidence claim.

**Brown**, **supra** at 176 (citations and quotation marks omitted; emphases added).

[3] Based on our review, we also conclude that the record does not support the court's factual finding that Bell's PCRA testimony offered a "new story" of the events. (PCRA Ct. Op., at 42); **see Green**, **supra** at 175.

exception. ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S. Ct. 2695 (2014) (citations omitted). In ***Commonwealth v. Burton***, 158 A.3d 618 (Pa. 2017), our Supreme Court carved out an exception to this general rule, holding that it "does not apply to *pro se* prisoner petitioners[.]" ***Burton***, ***supra*** at 620.

Instantly, the Commonwealth maintains that the PCRA court erred in applying the exception in ***Burton*** to Appellee, and in finding that, therefore, Bell's post-conviction testimony was unknown to him. We agree.

Here, the parties stipulated that Bell's March 5, 1993 testimony is a matter of public record. (***See*** N.T. PCRA Hearing, 12/05/17, at 160-61). On October 18, 1995, and January 13, 1998, this Court issued decisions related to Bell's hearing in which we referenced his PCRA testimony.[4] On November 16, 2007, Appellee filed his third *pro se* PCRA petition. On September 30,

_____

[4] In our October 18, 1995 decision, we observed, in pertinent part, that Bell's trial defense "[was] that he was innocent of the second-degree murder charge because [Appellee] killed the victim for personal motives[.]" ***Commonwealth v. Bell***, No. 2510 Phil. 1994, unpublished memorandum, at *5 (Pa. Super. filed Oct. 18, 1995). In his PCRA petition, Bell claimed counsel was ineffective for failing to "request[] the court to instruct the jury that [Appellee's] killing must have been committed in furtherance of the underlying felony to convict [Bell] of second-degree murder." ***Id.*** at *10. We agreed with Bell, and remanded the matter for the PCRA court to consider the prejudice that the Commonwealth would suffer in its ability to re-try Bell due to his six-year delay in requesting relief. ***See id.*** at 12. In our January 13, 1998 opinion, we affirmed the PCRA court's denial of Bell's petition on the ground that the Commonwealth would be prejudiced where the only eyewitness to the crime was unavailable. ***See Commonwealth v. Bell***, 706 A.2d 855, 859 (Pa. Super. 1998), *appeal denied*, 732 A.2d 611 (Pa. 1998).

2008, the PCRA court appointed counsel, who filed an amended petition on March 12, 2010, and represented Appellee until our Supreme Court denied review of the PCRA court's decision on January 10, 2013.

Based on the foregoing, for over four years, from September 30, 2008 until January 10, 2013, Appellee was not a *pro se* prisoner, and Bell's testimony could not be considered "unknown." Hence, we agree with the Commonwealth and conclude that the record does not support the PCRA court's finding that **Burton** applied to Appellee to render the public records presumption inapplicable to him. **See Green**, **supra** at 175; **Taylor**, **supra** at 1248.

Moreover, even if Bell's PCRA testimony contained after-discovered facts, **and** Appellee could avail himself of the **Burton** holding, he failed to comply with section 9545(b)(2) of the PCRA. **See** 42 Pa.C.S.A. § 9545(b)(2) ("Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented."). Specifically, Appellee concedes that he discovered this Court's 1998 opinion regarding Bell's PCRA testimony on June 13, 2013. (**See** Appellee's Brief, at 15). Therefore, he had sixty days, until August 12, 2013, to file his petition based on these alleged newly discovered facts. **See** 42 Pa.C.S.A. § 9545(b)(2). However, he failed to file his petition until July 23, 2014, over a year after the fact's discovery. Hence, Appellee failed to comply with the

PCRA's timeliness requirements, and the PCRA court lacked jurisdiction to review his claim. *See Garcia*, *supra* at 1061-62; 42 Pa.C.S.A. § 9545(b)(2).

Finally, we note that the PCRA court erred when it found that Appellee exercised due diligence by attempting to find further evidence (*i.e.*, the transcript itself) in support of the fact that Bell testified at a PCRA hearing before filing his PCRA petition. (*See* PCRA Ct. Op., at 20). Although the court made this finding based on a credibility determination, we are not bound by that because, as a matter of law, this is not the due diligence contemplated by the PCRA. The PCRA provides a mechanism for seeking discovery **after** the petition has been filed if the petitioner can establish exceptional circumstances. *See* Pa.R.Crim.P. 902(E)(1). Prior to that time, "[n]o court shall have authority to entertain a request for any form of relief **in anticipation** of the filing of a petition under this subchapter." 42 Pa.C.S.A. § 9545(a) (emphasis added).

In fact, in this case, consistent with section 9545 and Rule 902(E)(1), the record reflects that **after** Appellee filed his PCRA petition, the PCRA court ordered the Commonwealth to produce the transcript of Bell's PCRA hearing. (*See* Order, 8/30/17). Therefore, we conclude that the PCRA court committed an error of law when it found Appellee exercised due diligence because he attempted to obtain discovery in support of his PCRA claim before filing it, where he was not entitled to the discovery in anticipation of filing the PCRA petition. *See* 42 Pa.C.S.A. § 9545(a). Hence, for all of the foregoing reasons,

we are constrained to conclude that the PCRA court erred as a matter of law when it found that Appellee pleaded and proved a timeliness exception to the PCRA. *See Green*, *supra* at 175.[5]

Accordingly, we reverse its order granting PCRA relief, vacating Appellee's judgment of sentence, and ordering a new trial.

Order reversed and judgment of sentence reinstated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/18

---

[5] Additionally, we note the PCRA court vacated Appellee's judgment of sentence on the basis that this Court, in Bell's appeal, concluded that the second-degree murder jury instruction was prejudicial. (*See* PCRA Ct. Op., at 47). However, because Appellee has failed to plead and prove a timeliness exception to support this claim, the PCRA court lacked jurisdiction to consider this issue.

- 11 -