J-A30045-19

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JERMAINE LAJANUE KERR | : | |
| | : | |
| Appellant | : | No. 1076 MDA 2018 |

Appeal from the PCRA Order Entered December 4, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003601-2016

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED JANUARY 31, 2020**

Jermaine Lajanue Kerr (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On August 10, 2016, Appellant, then a legal permanent resident of the United States, and native of Jamaica, pled guilty to possession with intent to deliver marijuana; driving under the influence, first offense; and driving while operating privileges suspended or revoked.[1]  The same day, the trial court sentenced Appellant to 3 to 23 months' confinement.

On May 30, 2017, Appellant filed *pro se* a timely PCRA petition, which he refiled on August 18, 2017.  After the second filing, the PCRA court

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 35 Pa.C.S. 780-113 § A30; 75 Pa.C.S. § 3802; 75 Pa.C.S. § 1543A.

appointed George H. Margetas, Esq. to represent Appellant. On November 8, 2017, a PCRA hearing was held, at which time Appellant acknowledged the entry of a negotiated plea, but testified that his former counsel, Clasina Houtman, Esq., did not counsel him that his guilty plea could resort in deportation. 11/8/18 N.T. at 7-8. On December 1, 2017, a second PCRA hearing was held, at which the PCRA court, *sua sponte*, called Ms. Houtman to testify. On December 4, 2017, the PCRA court denied Appellant's petition. On April 30, 2018, in response to Appellant's complaint that an appeal had not been lodged, the PCRA court issued an order reinstating appellate rights *nunc pro tunc*; following a counsel abandonment hearing, new counsel was appointed, and on June 28, 2018 Appellant filed his appeal to this Court.[2]

On appeal, Appellant presents the following issue for our review:

> Did the PCRA Court err in denying Appellant's PCRA Petition when it deemed Trial Counsel to be credible regarding her failure to warn Appellant of the immigration consequences of his negotiated felony guilty plea which is ineffective assistance of counsel pursuant to ***Padilla v. Kentucky***, 559 U.S. 356 (2010).

Appellant's Brief at 4 (footnote and suggested answer omitted).

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is both supported by the record and free of legal error. ***Commonwealth v. Fears***, 86 A.2d 795, 803 (Pa. 2014). An appellant must establish, by a preponderance of the evidence, that his conviction or sentence

---

[2] Appellant filed a statement of errors complained of on appeal on July 20, 2018 and the PCRA court filed its 1925(a) opinion on May 16, 2019.

resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2). *Id*. Appellant argues that the PCRA court erred in dismissing his ineffectiveness of counsel claims as they related to his guilty plea, asserting that the PCRA court erred in denying his claim that he did not enter a knowing, voluntary, and intelligent plea when counsel failed to inform him that he could face deportation by pleading guilty.[3] The Commonwealth asserts, however, that the record clearly demonstrates that Ms. Houtman, Appellant's plea counsel, disclosed the possibility of immigration complications to him prior to pleading.[4] Commonwealth's Brief at 10.

In deciding ineffectiveness of assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id*. (citations omitted).

---

[3] We note that Appellant's counsel in this appeal indicated in her brief that subsequent to the entry of his guilty plea, Appellant was, in fact, deported. Appellant's Brief at 10, n.12. We note further that on June 20, 2019, counsel advised this Court that on June 17, 2019, she learned that Appellant had been removed from the United States and deported to Jamaica.

[4] The United States Supreme Court has held that counsel must inform a noncitizen defendant whether a plea carries a risk of deportation. *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010).

If a petitioner fails to prove any of these prongs, the claim is subject to dismissal. **Bomar**, 104 A.3d at 1188. Ineffective assistance of counsel in connection with a guilty plea will serve as a basis for PCRA relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. **Commonwealth v. Velazquez**, 216 A.3d 1146, 1149 (Pa. Super. 2019). Here, Appellant's claim of ineffective assistance lacks arguable merit. The only claim of ineffective assistance is that counsel allegedly failed to advise Appellant of the immigration consequences of his plea. The PCRA court, however, found that counsel did fully advise Appellant.

In rejecting Appellant's claims, the PCRA court stated:

> [Appellant's plea counsel] was initially examined by the Court and testified on the relevant issue regarding [Appellant's] immigration status. [She] testified that in fact she discussed the potential consequences of convictions and [Appellant's] immigration status.
>
> ---
>
> [Appellant's plea counsel] went further than what is required by the Court in **Padilla** in advising [Appellant] that, in fact, in her opinion there would be immigration consequences as a result of his pleas of guilty and that furthermore, based on convictions in another case, that he would already face deportation for that conviction. Therefore, the effort here was to reduce his potential sentence, recognizing that immigration was a probability. [Appellant's] plea counsel testified that she had this discussion with [Appellant] on numerous occasions and, in fact, referred to her notes of interviews to refresh her recollection and provide further support for her testimony. She was cross-examined by both counsel and except for some limited rebuttal offered from [Appellant], no additional witnesses were called.

Trial Court Opinion, December 4, 2017 at 6-7. The Trial Court concluded that Appellant's plea counsel's testimony was more credible than that of Appellant, who merely stated that he was never advised of the implications created by the *Padilla* decision. *Id*. at 8. In its 1925(a) opinion, the trial court reiterated that it found Appellant's plea counsel's testimony to be "candid and credible," and noted that it found Appellant's testimony to be "understandably, self-serving and, ultimately, incredible." Trial Court 1925(a) Opinion at 4, n.1. We must view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party, and its credibility determinations, if supported by the record, are binding on this Court. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Green*, 168 A.3d 173, 175 (Pa. Super. 2017).

Based on our review of the record on appeal, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition. The record supports the PCRA court's credibility determinations, and we find no abuse of discretion in determining that Appellant's guilty plea was knowing, voluntary and intelligent.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/31/2020