J-S24041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY PELZER | : | |
| | : | |
| Appellant | : | No. 1181 EDA 2021 |

Appeal from the PCRA Order Entered June 10, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012837-2008

BEFORE:  PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:             **FILED AUGUST 8, 2022**

Anthony Pelzer (Pelzer) appeals from the order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his petition for relief under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After review, we reverse the PCRA court's order and remand for an evidentiary hearing.

**I.**

**A.**

On March 26, 2012, Pelzer entered into a negotiated plea agreement with the Commonwealth and pleaded guilty to simple assault and corruption

---

[*] Retired Senior Judge assigned to the Superior Court.

of minors.[1]  That same day, the trial court sentenced Pelzer to serve 3 to 23 months' imprisonment for simple assault and a consecutive four years' probation for corruption of minors.  After being paroled, Pelzer tested positive for cocaine and absconded from supervision by failing to report to the probation department.  As a result, on August 23, 2012, the trial court issued a bench warrant for Pelzer's arrest.

Pelzer was eventually arrested and brought back before the trial court for a probation violation hearing on January 29, 2019.  Pelzer was represented by the Defender Association of Philadelphia (Defender Association) at that hearing.  Pelzer's counsel (VOP counsel) explained that Pelzer absconded from supervision in 2012 because he was taking care of his mother with cancer at that time and was scared of what would happen if he was reincarcerated and unable to transport her to her treatments.  VOP counsel also explained that Pelzer absconded because he was taking care of his four grandchildren at the time and continued to do so.  Thus, while conceding that Pelzer was in technical violation, VOP counsel requested that he receive a county sentence with an opportunity for parole to house arrest after 60 days.

The trial court expressed understandable worry with this request, pointing out that Pelzer had been convicted of corruption of minors of a 15-year-old female cousin, and the four grandkids were all female and between

---

[1] 18 Pa.C.S. §§ 2701(a) and 6301(a)(1).

the ages 6 and 12. Moreover, the trial court emphasized, Pelzer had absconded from supervision and failed to report for nearly seven years. As a result, the trial court found Pelzer in violation, revoked his probation on his corruption of minors charge and sentenced him to 2½ to 5 years' imprisonment.

Upon hearing his sentence, Pelzer expressed confusion by asking if he was going to be released. After explaining his sentence to him, VOP counsel placed the following on the record:

> You have ten days to ask Her Honor to reconsider her sentence. You have thirty days to ask this court for an appeal on any errors of law that you believe were committed during today's hearing. Both of those motions must be done in writing. Our office will continue to represent you. If you have any questions about any motions or if you wish to file any of those motions you can contact our office.

N.T., 1/29/19, at 15-16.

On February 6, 2019, VOP counsel filed a timely post-sentence motion for reconsideration of the trial court's sentence, alleging that the trial court had imposed an illegal sentence for Pelzer's technical probation violation. Even though such a motion does not toll the 30-day appeal period, *see* Pa.R.Crim.P. 708(E), VOP counsel did not also file a contemporaneous notice of appeal. As a result, when the trial court failed to address or rule on the post-sentence motion, the motion was deemed denied by operation of law on June 6, 2019, which would have been 120 days after it was filed. *See* Pa.R.Crim.P. 720(B)(3)(a).

- 3 -

**B.**

On December 27, 2019, Pelzer filed a *pro se* PCRA petition. Among other things, Pelzer attached a letter from the Defender Association dated February 8, 2019, which would have been two days after his post-sentence motion was filed. In the letter, the Defender Association informed Pelzer that, "[a]t your attorney's request, our office filed a petition to vacate and reconsider, asking the judge to schedule a new sentencing hearing. We will notify you in writing of the judge's decision." The letter contained no further information about filing an appeal.

Counsel was appointed and filed an amended petition alleging that VOP counsel was ineffective for failing to file an appeal from Pelzer's probation violation sentence. In response, the Commonwealth did not oppose Pelzer's direct appeal rights being reinstated *nunc pro tunc*. In so doing, the Commonwealth related that it had spoken to VOP counsel as part of its investigation on Pelzer's claim. VOP counsel indicated that she was unaware that the filing of the post-sentence motion did not toll the 30-day appeal period and, therefore, did not consult with Pelzer about that fact.

Despite the Commonwealth's position, however, the PCRA court issued notice of its intent to dismiss Pelzer's petition under Pa.R.Crim.P. 907 and, after receiving no response, formally dismissed the petition on June 10, 2021. After Pelzer timely appealed, the PCRA court explained the dismissal in its Pa.R.A.P. 1925(a) opinion. First, the PCRA court found that Pelzer failed to

plead that he ever requested VOP counsel to file an appeal, noting that there is no right to counsel automatically filing an appeal on a defendant's behalf. Second, the PCRA court highlighted that VOP counsel informed Pelzer of his appellate rights on the record at the end of the hearing. In particular, as quoted above, the PCRA court emphasized that VOP counsel correctly informed Pelzer that he had "thirty days to ask this court for an appeal on any errors of law that you believe were committed during today's hearing."

## II.

On appeal, Pelzer asserts that the PCRA court erred in dismissing his petition without a hearing.[2] Pelzer contends he is entitled to reinstatement of his appellate rights *nunc pro tunc* because VOP counsel did not inform him that filing the post-sentence motion would not toll the 30-day appeal period for filing an appeal. Addressing the PCRA court's dismissal based on him never requesting an appeal, Pelzer points out that he has not yet been afforded an evidentiary hearing in which to make such a claim, not to mention that VOP counsel never consulted with him about filing a direct appeal. Even if he did not request an appeal, though, Pelzer asserts that counsel can still be found

---

[2] We review the decision to deny PCRA relief to determine whether the decision "is supported by evidence of record and whether it is free of legal error." **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa. Super. 2018) (citation omitted). Where the PCRA court declined to hold an evidentiary hearing, we consider whether the petition presented any genuine issues of material fact that warranted a hearing. **Id.** We review the court's legal conclusions *de novo*. **Id.**

ineffective for failing to adequately consult with him about his appellate rights. Here, Pelzer argues that VOP counsel had a duty to consult him because he definitely wanted his sentence reconsidered, and the only way to preserve such a challenge would be through an appeal if his post-sentence motion was denied.

Like it did in the PCRA court, the Commonwealth agrees that VOP counsel had a duty to consult Pelzer about filing an appeal:

The letter from the Defender Association confirmed that [Pelzer] requested a post-sentence motion for reconsideration of sentence and presumably led him to await a disposition on that motion before proceeding to the next stage of an appeal. The letter did not advise him of the fact this particular post-sentence motion, unlike most post-sentence motions, did not toll the time period to file a notice of appeal. VOP counsel told the Commonwealth that she did not know that the motion to reconsider would not toll the notice of appeal period pursuant to Rule 708(E) and that she therefore did not consult with [Pelzer] about filing a notice of appeal at the same time as the motion to reconsider sentence. The failure to have a conversation about appealing constitutes a failure to consult. *See Commonwealth v. Green*, 168 A.3d 173, 177 (Pa. Super. 2017) (holding that counsel who "unequivocally denied discussing an appeal" did not provide the appellant an adequate consultation).

The totality of the circumstances suggest that VOP counsel should have conducted such a consultation. [Pelzer] obviously was dissatisfied with his sentence since he requested a motion for reconsideration and counsel filed that motion. Because the VOP court never ruled on the motion or entered an order denying the motion by operation of law, he was never afforded a natural opportunity to pursue the next step of appeal (although a notice of appeal would have been untimely by then, he did not yet know that fact). The fact he received the statutory maximum prison sentence of two and one-half to five years for corrupting the morals of a minor further suggested defendant's interest in an appeal. *See* [*Commonwelath v.*] *Parrish*, 273 A.3d [989,] 1007 [(Pa. Super. 2022)]. Moreover, this statutory maximum

- 6 -

exceeded the recommendation made by both [Pelzer] and the Commonwealth for a county prison sentence of less than two years.

Commonwealth's Brief at 11-12 (internal record citations and footnote omitted).

In considering an ineffective assistance of counsel claim, we observe first that counsel is presumed effective and that a petitioner bears the burden to prove otherwise. ***See Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. Super. 2014). To establish an ineffectiveness claim, a defendant must prove:

(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

***Id.*** (citation omitted). "Failure to prove any prong of this test will defeat an ineffectiveness claim." ***Id.*** (citation omitted).

When a defendant does not explicitly instruct counsel to file a direct appeal, counsel may still be found ineffective if counsel did not consult with the defendant about their appellate rights. ***See Commonwealth v. Touw***, 781 A.2d 1250 (Pa. Super. 2001). In ***Touw***, we recognized that in ***Roe v. Flores-Ortega***, 528 U.S. 470 (2000), the United States Supreme Court defined "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." ***Touw***, 781 A.2d at 1254 (citing ***Flores-Ortega***, 528 U.S. at 478)). We then cited the following from ***Flores-Ortega***:

> [C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

*Touw*, 781 A.2d at 1254 (citing *Flores-Ortega*, 528 U.S. at 480).

"A deficient failure on the part of counsel to consult with the defendant does not automatically entitle the defendant to reinstatement of his or her appellate rights." *Touw*, 781 A.2d at 1254. As we noted, "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Touw*, 781 A.2d at 1254 (citing *Flores-Ortega*, 528 U.S. at 484).

After review, we agree with the Commonwealth that Pelzer alleged enough in his petition to warrant an evidentiary hearing to determine whether VOP counsel was ineffective for failing to consult with Pelzer about his appellate rights. As discussed, Pelzer expressed confusion about his sentence at the hearing and filed a post-sentence motion for reconsideration, arguing that the sentence was illegal. While VOP counsel informed Pelzer at the end of the hearing that he had 30 days to appeal, her rote explanation of his appellate rights failed to also inform him that filing a post-sentence motion would not toll the 30-day appeal period.

Not only that, but after the post-sentence motion was filed, the Defender Association sent a letter to Pelzer to inform him about the filing of the motion and telling him it would notify him in writing of the trial court's decision. As noted, assuming the authenticity of the document, the letter did not inform Pelzer that his post-sentence motion did not toll the 30-day appeal period under Pa.R.Crim.P. 708(E), thus possibly giving him the impression that there was nothing further for him to do or request until the trial court ruled on his motion.

Finally, we are unconvinced by the PCRA court's reliance on VOP counsel's explanation of appellate rights at the end of the hearing as defeating Pelzer's claim. On this point, we find the Commonwealth's analysis convincing:

> … [The PCRA] court asserted that VOP counsel did inform [Pelzer] that a reconsideration of sentence motion would not toll the period to file a notice of appeal by informing him that he had ten days to file a reconsideration of sentence and thirty days to file a notice of appeal. (PCRA Court Op. at 5–6). The Commonwealth is not convinced that this rote colloquy apprised defendant of the effect of Rule 708(E), particularly because defense attorneys use the same colloquy in non-VOP situations in which a post-sentence motion *will* toll the notice of appeal period. *See* Pa.R.Crim.P. 720(A)(2). More fundamentally, whether this colloquy sufficed to explain the effect of Rule 708(E) to [Pelzer] is beside the point. Even assuming that colloquy sufficiently informed [Pelzer] about the time to file an appeal, it did not obviate or satisfy VOP counsel's duty to consult with [Pelzer] about taking a direct appeal when the circumstances revealed his interest in appealing.

Commonwealth's Brief at 12-13.

We agree with this analysis and find that Pelzer raised a genuine issue of fact as to whether VOP counsel had a duty to consult with him about filing an appeal from his statutory maximum sentence. Accordingly, we reverse and vacate the PCRA court's order dismissing Pelzer's petition and remand for the PCRA court to hold an evidentiary hearing on the petition.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2022