J-S23008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HECTOR JUAN RIVERA-GONZALEZ | |
| Appellant | No. 304 MDA 2022 |

Appeal from the PCRA Order January 20, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0001248-2019

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HECTOR JUAN RIVERA-GONZALEZ | |
| Appellant | No. 305 MDA 2022 |

Appeal from the PCRA Order January 20, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0000677-2019

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HECTOR JUAN RIVERA-GONZALEZ | |
| Appellant | No. 306 MDA 2022 |

Appeal from the PCRA Order January 20, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0001256-2019

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HECTOR JUAN RIVERA-GONZALEZ | |
| Appellant | No. 307 MDA 2022 |

Appeal from the PCRA Order January 20, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0001257-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| HECTOR JUAN RIVERA-GONZALEZ | : | |
| Appellant | : | No. 308 MDA 2022 |

Appeal from the PCRA Order January 20, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0001258-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| HECTOR JUAN RIVERA-GONZALEZ | : | |
| Appellant | : | No. 309 MDA 2022 |

Appeal from the PCRA Order January 20, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0001259-2019

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HECTOR JUAN RIVERA-GONZALEZ | |
| Appellant | No. 310 MDA 2022 |

Appeal from the PCRA Order January 20, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0001260-2019

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HECTOR JUAN RIVERA-GONZALEZ | |
| Appellant | No. 311 MDA 2022 |

Appeal from the PCRA Order January 20, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0002283-2019

BEFORE:  STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED: AUGUST 18, 2022**

Appellant, Hector Juan Rivera-Gonzalez, appeals from an order denying relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 4 -

§§ 9541-9546, at eight docket numbers. Appellant argues that trial counsel was ineffective for failing to file post-sentence motions and a direct appeal following his guilty plea to eight counts of robbery at these docket numbers. We conclude that Appellant's arguments have no merit, and we affirm.

Appellant was charged with multiple counts of robbery and related offenses at the above docket numbers. On August 29, 2019, Appellant entered a negotiated plea of guilty to robbery at each docket number. The court sentenced him to an aggregate sentence of seven to twenty years imprisonment followed by eight years of probation. Appellant did not file a post-sentence motion or a direct appeal.

On August 27, 2020, Appellant filed a *pro se* petition for PCRA relief. On June 14, 2021, Appellant's current counsel filed an amended PCRA petition at only one of his docket numbers. On September 13, 2021, counsel filed amended PCRA petitions at the remaining docket numbers. In each petition, Appellant alleged that his attorney at his guilty plea and sentencing was ineffective for failing to file a post-sentence motion or a direct appeal. On October 26, 2021, the PCRA court held an evidentiary hearing in which trial counsel and Appellant testified.

On January 20, 2022, the PCRA court denied Appellant's PCRA petition through written findings of fact and conclusions of law. The court stated that, having observed the demeanor of both Appellant and his trial counsel on the witness stand, it credited trial counsel's testimony that Appellant never requested her to file post-sentence motions or an appeal. The court

further determined that Appellant suffered no prejudice from the lack of post-sentence motions or an appeal. In particular, the court concluded that counsel had no duty to consult with Appellant about taking an appeal, since she had no reason to believe that Appellant had any non-frivolous issues to raise.

Appellant timely appealed to this Court in all eight cases,[1] and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant raises two issues in this appeal:

> A. Whether the PCRA Court erred in denying Appellant's Petition for Relief under the [PCRA] where trial counsel was ineffective for failing to file post-sentence motions as requested by Appellant, where trial counsel's omission foreclosed upon Appellant's right to the same and further foreclosed upon Appellant's right of review by the appellate courts?
>
> B. Whether the PCRA Court erred in denying Appellant's Petition for Relief under the [PCRA] where trial counsel was ineffective for failing to file a direct appeal as requested by Appellant, thereby directly resulting in the loss of Appellant's right to a direct appeal?

Appellant's Brief at 5.

_____

[1] Appellant filed eight notices of appeal. Each notice contained eight trial court docket numbers, but on each notice, a specific docket number was marked. These notices of appeal complied with the requirement in Pa.R.A.P. 341 and **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), that Appellant file a separate notice of appeal for each lower court docket Appellant was challenging. **See Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*) (appellant complied with Rule 341 and **Walker** by filing four separate but identical notices of appeal listing all four docket numbers on each notice but italicizing one docket number to identify which notice corresponded with each appealed case).

When reviewing the propriety of an order pertaining to PCRA relief,

> we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

***Commonwealth v. Diaz***, 183 A.3d 417, 421 (Pa. Super. 2018).

Appellant raises two claims of ineffective assistance of counsel. A petitioner who alleges ineffective assistance

> will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.[A.] § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010) (citing ***Strickland v. Washington***, 466 U.S. 668, 687 (1984)). In Pennsylvania, we have refined the ***Strickland*** performance and prejudice test into a three-part inquiry. ***See Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001). Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. ***Commonwealth v. Ali***, 10 A.3d 282, 291 (Pa. 2010).

***Commonwealth v. Spotz***, 84 A.3d 294, 311-12 (Pa. 2014). Prejudice, in the context of ineffective assistance claims, requires proof of a reasonable probability that but for counsel's error, the outcome of the proceeding would

have been different. ***Commonwealth v. Kimball***, 724 A.2d 326, 331 (Pa. 1999). The petitioner's failure to satisfy any of the three prongs requires rejection of his ineffective assistance claim. ***Commonwealth v. Ly***, 980 A.2d 61, 74 (Pa. 2009).

In his first argument, Appellant maintains that trial counsel was ineffective for failing to file post-sentence motions despite his request to do so. The PCRA court properly rejected this claim.

The defendant has the option of filing post-sentence motions within ten days after imposition of sentence. Pa.R.Crim.P. 720(A)(1). Furthermore, "a trial court may exercise its discretion and permit a post-sentence motion to be filed *nunc pro tunc* within thirty days after the imposition of sentence." ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 724, n. 1 (Pa. Super. 2013) (emphasis added).

An important distinction exists between ineffectiveness claims due to alleged failure to file post-sentence motions and ineffectiveness claims due to alleged failure to file a direct appeal. When counsel fails without justification to file a direct appeal, counsel is deemed *per se* ineffective; the petitioner need not prove that he suffered prejudice as a result of counsel's inaction. ***Commonwealth v. Lantzy***, 736 A.2d 564, 571 (Pa. 1999). The failure to file post-sentence motions, however, "does not fall within the limited ambit of situations where a defendant alleging ineffective assistance of counsel need not prove prejudice to obtain relief." ***Commonwealth v.***

*Reaves*, 923 A.2d 1119, 1132 (Pa.2007). To obtain relief based upon the failure to file a post-sentence motion, a defendant must meet the traditional three-part *Pierce* test for establishing ineffective assistance of counsel (arguable merit, lack of reasonable excuse for inaction, prejudice). *Id.* at 1128-30.

Appellant's claim that counsel was ineffective for failing to file post-sentence motions fails because he failed to request counsel to file them. The court made the following findings of fact after the PCRA evidentiary hearing:

1. On the date of the hearing on the [PCRA] Petition, October 26, 2021, trial counsel had worked as an attorney in the Berks County Public Defender's Office for over 15 years.

2. While employed in her capacity as a Public Defender, trial counsel represented Appellant in the above-referenced criminal dockets.

3. During trial counsel's representation of Appellant, the Commonwealth made an offer to Appellant to resolve all of his dockets through a negotiated guilty plea. Trial counsel discussed the offer with Appellant multiple times prior to the entry of his guilty plea.

4. On August 29, 2019, trial counsel was present with Appellant at his guilty plea and sentencing hearing. At that time, trial counsel and Appellant reviewed Appellant's guilty plea paperwork and post-sentence rights. Appellant accepted the negotiated plea agreement.

5. On the date that Appellant entered into the negotiated guilty plea, he thanked the police for doing a good job. He was very appreciative.

6. Appellant was sentenced to serve 7 years to 20 years in a state correctional facility followed by 3 years of probation.

7. Appellant was made aware that he had 30 days to file a direct appeal.

8. When trial counsel left the courtroom following Appellant's guilty plea, she had no idea he was interested in filing an appeal.

9. On October 31, 2019, [over two months after the guilty plea,] trial counsel received a letter from Appellant. The letter was the first contact Appellant had with trial counsel since the entry of his guilty plea.

10. In response to Appellant's letter, trial counsel scheduled a telephone conference with the state correctional facility housing Appellant.

11. During her call with Appellant, trial counsel learned that Appellant wanted to file an "appeal for reconsideration" which trial counsel explained was properly called a motion for reconsideration of his sentence. Trial counsel informed Appellant that he could only seek to withdraw his guilty plea since it was a negotiated plea and not an open plea.

12. Trial counsel further advised Appellant that, if he wanted to proceed further with the reconsideration of his sentence, he could file a petition with the Court and request the appointment of counsel to represent him.

13. Trial counsel did not file a post-sentence motion or direct appeal on behalf of Appellant.

PCRA Court's Findings of Fact and Conclusions of Law ("Decision"), 1/20/22, at 4-5 (with minor stylistic revisions; citations omitted).

Appellant testified during the PCRA hearing that he started sending letters to counsel requesting post-sentence motions three days after the hearing. In his brief, he claims, in so many words, that the PCRA court should have credited his testimony. Appellant's Brief at 15 ("Appellant has met his burden of proof by a preponderance of the evidence that he

requested [trial counsel to] file both post-sentence motions . . . which [was] not done"). We, however, must defer to the PCRA court's credibility determinations when support in the record exists for them. *Diaz*, 183 A.3d at 421. The PCRA court credited trial counsel's testimony that Appellant did not ask her to file a post-sentence motion until his letter two months after imposition of sentence requesting an "appeal for reconsideration." Decision at 6-7. By this time, it was no longer possible for counsel to file post-trial motions. Our review of the record demonstrates that it supports the PCRA court's credibility ruling. Accordingly, we must defer to this ruling instead of accepting Appellant's self-serving claim that he requested post-sentence motions.

Since Appellant failed to request trial counsel to file post-sentence motions until long after the motion deadline elapsed, the PCRA court properly rejected Appellant's ineffectiveness claim for lack of arguable merit. As a result, we need not examine the other *Pierce* prongs of reasonable basis for inaction and prejudice. *Ly*, 980 A.2d at 74.

In his second argument, Appellant contends that trial counsel was ineffective for ignoring his requests to file a direct appeal. For several reasons, we agree with the PCRA court that this argument does not warrant relief.

As mentioned above, when there is an unjustified failure to file a direct appeal, counsel is *per se* ineffective. *Lantzy*, 736 A.2d at 571. To establish

*per se* ineffectiveness, however, the petitioner must still prove that he asked counsel to file a direct appeal and that counsel ignored the request. ***Commonwealth v. Spencer***, 892 A.2d 840, 842 (Pa. Super. 2006).

Appellant's claim fails for two reasons. First, as the PCRA court observed, Appellant never asked counsel to file a direct appeal. Appellant testified during the PCRA evidentiary hearing that he requested trial counsel to file a direct appeal within days after the imposition of sentence. The court, however, credited trial counsel's testimony that the first time Appellant requested any action was in his letter, over two months after sentencing, requesting an "appeal for reconsideration." Even this letter did not ask for a direct appeal but only asked for post-sentence motions. Because the record supports the court's credibility finding, we defer to it instead of accepting Appellant's hollow assertion that he asked counsel to appeal.

Second, there are some circumstances in which counsel is dutybound to consult with her client about an appeal even when the client does not ask for one. Specifically,

> counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal) or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

***Commonwealth v. Green***, 168 A.3d 173, 178 (Pa. Super. 2017). In this case, however, this duty never arose. As the PCRA court cogently stated:

- 12 -

On August 29, 2019, [Appellant] entered a negotiated guilty plea in all 8 of his pending criminal matters. During the guilty plea colloquy. [Appellant] was informed that he was facing a maximum sentence of 20 years of incarceration and a $25,000.00 fine on six of the robberies and 7 years and a $15,000.00 fine on the other two robbery charges. [Appellant] acknowledged in his written guilty plea colloquy that he was facing a total period of incarceration of 134 years and a $180,000.00 fine . . . Instead, [Appellant] received a very favorable cumulative sentence of 7½ to 20 years followed by 8 years of probation. There was nothing on the record that would have indicated to [trial counsel] that [Appellant] might want to appeal as he was the recipient of a generous sentence. [Appellant] even thanked the police and expressed his appreciation for the circumstances of his case. Furthermore, when [Appellant] entered his guilty plea, he waived all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court and the legality of the sentence imposed. **See Commonwealth v Stradley**, 50 A.3d 769, 771 (Pa. Super. 2012). There are no appeal issues among those areas. Therefore, this Court finds that a rational defendant would not have wanted to appeal.

Decision, 1/20/22, at 11-12.

For these reasons, the PCRA court properly rejected Appellant's ineffectiveness claim for lack of arguable merit. Accordingly, we need not examine the other **Pierce** prongs of reasonable basis for inaction and prejudice. **Ly**, 980 A.2d at 74.

For these reasons, we affirm the order denying PCRA relief to Appellant.

Order affirmed.

- 13 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/18/2022