J-S25006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARQUIS NOEL BANNISTER | : | |
| | : | |
| Appellant | : | No. 2515 EDA 2024 |

Appeal from the PCRA Order Entered August 14, 2024
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0005350-2016

BEFORE:  PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:             **FILED OCTOBER 15, 2025**

Marquis Noel Bannister appeals from the order of the Court of Common Pleas of Lehigh County denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 6541-6546. Bannister raises issues concerning the effectiveness of his plea counsel for failing to file post-sentence motions or a direct appeal and in advising him on accepting a negotiated plea deal. After careful review, we affirm.

The PCRA court set forth the relevant procedural and factual history.

On October 29, 2018, [Bannister] pleaded guilty to one count of Murder in the 3rd Degree, one count of robbery and one count of aggravated assault, and was immediately sentenced to an aggregate term of not less than 30 years nor more than 70 years in a state correctional institution. The sentence was the result of a binding plea agreement. [Bannister] did not file post-sentence motions or an appeal.

On December 6, 2019, [Bannister] filed a *pro se* petition pursuant to the [PCRA]. On January 23, 2020, I appointed the

Public Defender's Office to represent [Bannister], and scheduled a hearing for March 18, 2020, in front of the Honorable Douglas G. Reichley, who was reassigned to the case. On March 17, 2020, the courts of the Commonwealth declared a judicial emergency and subsequently closed due to the COVID-19 pandemic. For unknown reasons, the March 18, 2020, hearing was never rescheduled and no action was taken on this matter after the courts reopened. On June 16, 2023, Jason R. Young, Esquire, entered his appearance on behalf of [Bannister] and requested the transcripts from [Bannister's] guilty plea and sentencing hearing. On September 19, 2023, Attorney Young filed an amended [PCRA] petition . . . . The petition was forwarded to me and scheduled for a hearing on October 26, 2023. Following a Commonwealth requested continuance, a hearing was held on November 16, 2023, at which time [Bannister] and his trial attorneys, Robert Sauman and Brian Gaglione, testified. Thereafter, I took the matter under advisement and the parties submitted briefs. This opinion follows.

PCRA Court Opinion, 8/14/24, at 1-2 (footnotes and unnecessary capitalization omitted).

On August 14, 2024, the PCRA court issued an order and opinion denying the petition. Bannister timely appealed. The PCRA court did not order Bannister to file a statement of errors complained of on appeal and declined to file a Rule 1925(a) opinion, instead relying upon its reasons stated in its opinion and order. *See* Pa.R.A.P. 1925(a)-(b).

Bannister raises the following issues.

1. Did the PCRA court err when it determined that [Bannister's] trial counsel was not required to file post-sentence motions and an appeal after [Bannister] and his family unequivocally requested their filing after the guilty plea hearing?

2. Did the PCRA court improperly determine that at the time of the plea that Mr. Bannister, with his intellectual disability, understood the terms of the guilty plea wherein the sentences for the three (3) counts were for consecutive sentences and not concurrent sentences?

3. Did the PCRA court err when it found the sentence was within the standard range, and that plea counsel was effective when the sentence for count one was seven years, two months more than the aggravated guideline[?]

Appellant's Brief, at 5 (renumbered and unnecessary capitalization omitted).

Our standard of review regarding an order dismissing a PCRA petition is well-established.

This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Benner***, 147 A.3d 915, 919 (Pa. Super. 2016) (citation omitted).

Bannister's issues involve the effectiveness of counsel.

Generally, counsel is presumed to be effective. ***See Commonwealth v. Lesko***, 15 A.3d 345, 380 (Pa. 2011). To establish a claim of ineffective assistance of counsel, a petitioner must prove "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "Prejudice in the context of ineffective assistance of counsel means demonstrating there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." ***Commonwealth v. Keaton***, 45 A.3d

1050, 1061 (Pa. 2012) (citation omitted). "A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs." ***Commonwealth v. Rainey***, 928 A.2d 215, 224 (Pa. 2007) (citations omitted).

In his first issue, Bannister claims plea counsel was ineffective for failing to file requested post-sentence motions and an appeal. ***See*** Appellant's Brief, at 11. He alleges that the undisputed evidence at the PCRA hearing was that he asked counsel to file requests or relief and that plea counsel admitted the same, but that he failed to do so. ***See id.*** (citing N.T. PCRA Hearing, 11/16/23, at 13-16, 23-24, 48, 50, 63-64).

In relation to Bannister's contention that counsel was ineffective for failing to file a post-sentence motion, we note that a defendant claiming that counsel was ineffective for not filing a post-sentence motion bears the burden of proving prejudice. ***See Commonwealth v. Liston***, 977 A.2d 1089, 1092 (Pa. 2009) (explaining "the failure to file post-sentence motions does not fall within the limited ambit of situations where a defendant alleging ineffective assistance of counsel need not prove prejudice to obtain relief."). A defendant must demonstrate that his allegedly requested post-sentence motion had merit, and therefore he was prejudiced by counsel's inaction because the court would have granted it. ***See id.*** at 1092-93.

Although the record is far from clear that Bannister requested counsel to file a post-sentence motion, even if Bannister did request a post-sentence motion, the PCRA court aptly explained why Bannister suffered no prejudice.

- 4 -

> [E]ven assuming [Bannister] asked Attorney Saurman to file a postsentence motion, [Bannister] cannot meet his burden of showing counsel was ineffective. Counsel certainly had a reasonable basis for not seeking modification of sentence, as this was a negotiated plea deal with a binding sentence. Further, I accepted the plea and would not have changed the sentence on a modification, thus [Bannister] did not suffer any prejudice.

PCRA Court Opinion, 8/14/24, at 4.

Our independent review of the record supports the PCRA court's position. Therefore, we agree with the PCRA court and conclude that, even if Bannister requested that counsel file post-sentence motions, Bannister did not suffer any prejudice. Therefore, his claim is without merit.

Additionally, in relation to Bannister's contention that counsel did not file an appeal, although "[t]he right of a criminal defendant to appeal is guaranteed in the Pennsylvania Constitution, . . . before a court will find ineffectiveness of trial counsel for failing to file a direct appeal, [a]ppellant must prove that he requested an appeal and that counsel disregarded this request." **Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa. Super. 1999) (citation omitted). "Mere allegation will not suffice; the burden is on [a]ppellant to plead and prove that his request for an appeal was ignored or rejected by trial counsel." **Id.** (citations omitted). Only when a defendant proves that he requested an appeal and counsel failed to file one does a presumption of prejudice arise. **See Commonwealth v. Parrish**, 273 A.3d 989, 1004 (Pa. 2022).

Additionally, "[w]here a defendant does not ask his attorney to file a direct appeal, counsel still may be held ineffective if he does not consult with

his client about the client's appellate rights. Such ineffectiveness, however, will only be found where a duty to consult arises[.]" ***Commonwealth v. Markowitz***, 32 A.3d 706, 714 (Pa. Super. 2011) (citation omitted).

> [C]ounsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

***Commonwealth v. Green***, 168 A.3d 173, 178 (Pa. Super. 2017) (citation omitted).

Here, contrary to Bannister's allegations, the PCRA court's finding that Bannister never requested an appeal is supported by the record. ***See*** PCRA Court Opinion, 8/14/24, at 4. Bannister testified that he did not request an appeal be filed because he did not understand the difference between post-sentence motions and appeals. ***See*** N.T. PCRA Hearing, 11/16/23, at 13-14. Counsel testified that in his discussion with Bannister and his family he expressed that since it was a guilty plea with a negotiated sentence the only course of action was withdrawing the guilty plea but ultimately if Bannister wanted to appeal he would have filed it. ***See id.*** at 49-50. We emphasize that counsel's testimony, which was found credible by the PCRA court, was that Bannister was involved in this discussion. Thus, Bannister failed to establish that counsel disregarded his request to file an appeal.

Bannister's apparent misunderstanding of his appellate rights goes to the adequacy of counsel's consultation. However, "any inadequacy in the

consultation is irrelevant if there was no duty to consult." **Green**, 168 A.3d at

178. As discussed above, the PCRA court already found that Bannister did not

request an appeal and further properly concluded that counsel did not have a

duty to consult with Bannister about an appeal because there were no non-

frivolous issues.

> I do not find Attorney Sauerman had a duty to consult with [Bannister] about an appeal. [Bannister] entered a negotiated guilty plea and received a biding sentence of 30 to 70 years pursuant to that plea. The sentence was within the standard range and did not exceed the statutory maximum. The record is clear that [Bannister] understood the plea agreement and voluntarily entered into the plea. Under these circumstances, it is difficult to see how a "rational defendant would want to appeal." [**Commonwealth v.**] **Markowitz**, 32 A.3d [706,] 716 [(Pa. Super. 2011)] (citations omitted); **See Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa.Super. 1991) (a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea). As such, counsel was not ineffective.

PCRA Court Opinion, 8/14/24, at 4-5.

Our independent review of the record supports the PCRA court's

position. Therefore, we agree with the PCRA court and conclude that, even if

Bannister requested that counsel file post-sentence motions, he did not suffer

any prejudice; Bannister did not request counsel to file an appeal; and counsel

did not have a duty to consult because there were no non-frivolous issues. For

all these reasons, Bannister's first issue does not merit relief.

In his second issue, Bannister claims that he did not knowingly and

voluntarily enter the plea because he did not understand the length of

sentence he was agreeing to, and plea counsel was ineffective for allowing him to enter the plea. *See* Appellant's Brief, at 12-14.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." *Commonwealth v. Fears*, 86 A.3d 795, 806-07 (Pa. 2014) (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Kapellusch*, 823 A.3d 837, 848 (Pa. Super. 2024) (citation omitted).

> To establish that a guilty plea is voluntary and knowing, the trial court must conduct a colloquy that shows the factual basis for the plea and that the defendant understands the nature of the charge to which he is pleading guilty, his right to a jury trial, the presumption of innocence, the permissible sentencing range for the charge to which he is pleading guilty, and the court's power to reject terms of a plea agreement. These matters may also be shown by a written plea colloquy read and signed by the defendant that is made part of the record and supplemented by an oral, on-the-record examination.

*Commonwealth v. Jamison*, 284 A.3d 501, 506 (Pa. Super. 2022) (citations omitted). Also, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa. Super. 2018) (citation omitted).

Our review of the record supports the PCRA court's finding that Bannister's plea was entered into voluntarily and knowingly. At the guilty plea hearing, the court conducted a proper guilty plea colloquy. *See* Pa.R.Crim.P. 590, cmt. The trial court informed Bannister of the maximum penalty, in the aggregate, and for each offense he was pleading guilty to, and Bannister confirmed he understood. *See* N.T. Guilty Plea, 10/29/18, at 5-7. The trial court informed Bannister that if it accepted the agreement it planned on imposing the negotiated sentence of 30 to 70 years' incarceration but informed Bannister that it could reject the agreement. *See id.* at 9-10. Bannister confirmed that he was aware of his right to a jury trial, the presumption of innocence and that he had no obligation to plead guilty. *See id.* at 10, 22-23. The trial court confirmed that plea counsel reviewed the written guilty plea colloquy form with Bannister and Bannister confirmed that he was satisfied that plea counsel reviewed it with him and that he signed the form. *See id.* at 11-17; Written Plea Colloquy Form, 10/29/18, at 8. Bannister acknowledged that by pleading guilty he understood that his appellate rights would be limited to challenging the trial court's jurisdiction, the voluntariness of his plea, and the legality of his sentence. *See* N.T. Guilty Plea, 10/29/18, at 23-24. The trial court explained the elements for robbery, aggravated assault, and third-degree murder and Bannister confirmed he understood. *See id.* at 24-30. The Commonwealth set forth the factual basis for the guilty plea and Bannister confirmed that he committed the alleged acts. *See id.* at 31-45. Based on the plea hearing and the guilty plea colloquy form, the trial court

concluded that Bannister knowingly, voluntarily, and intelligently, entered the plea and accepted the plea. ***See id.*** at 47-48.

Based on the foregoing, despite Bannister's claim that the PCRA hearing testimony established his lack of understanding, the plea hearing reflects Bannister knowingly, voluntarily, and intelligently entered his guilty plea, and he remains bound by the statements he made there. Similarly, his allegation that the plea is demonstrably involuntary because he and his family immediately requested that counsel file a post-sentence motion and an appeal fails, not only because he is bound by the statements he made during the plea hearing, but because the PCRA court found that Bannister never made such a request of counsel.

Further, as the PCRA court explained, counsel's advice to Bannister to enter a plea was competent.

> [Bannister] was facing multiple felony charges. The Commonwealth had a strong case against [Bannister]—including video surveillance footage and a taped interview with [Bannister] where he admitted to the shooting—which would likely have led to a conviction for first degree or second degree murder, and a possible sentence of death or life in prison. [The Commonwealth filed a notice of aggravating circumstances indicating that it would seek the death penalty.] Securing a standard range sentence with the possibility of parole in the future is certainly a reasonable basis designed to effectuate [Bannister's] interests.

PCRA Court Opinion, 8/14/24, at 6 (footnote omitted).

Therefore, Bannister's second claim is without merit.

In his last issue, Bannister argues that plea counsel was ineffective for allowing him to agree to an excessive sentence outside of the standard range.

**See** Appellant's Brief, at 15. According to Bannister, his sentence of 17 years and 7 months to 40 years' incarceration for third degree murder was excessive because it exceeded the guideline range of 9.5 to 20 years. **See id.** Bannister's argument misunderstands the role of the sentencing guidelines. "[T]he sentencing guidelines provide the range for an offender's minimum sentence, not the maximum sentence." **Commonwealth v. Verma**, 334 A.3d 941, 950 (Pa. Super. 2025) (citation omitted). Thus, contrary to Bannister's claim, his minimum sentence was within the standard range of the sentencing guidelines. He offers no other argument as to why his sentence was excessive. Therefore, his claim fails.

Accordingly, Bannister's claims are without merit, and we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/15/2025